## ROBERT BREWSTER ET AL. v. GEORGIA A. DAVIS.

### (Case No. 1454.)

1. PAROL EVIDENCE — WHEN SUFFICIENT TO PROVE ABSOLUTE CONVEYANCE A MORTGAGE.— Parol evidence will not be sufficient to establish that a conveyance of the homestead, absolute on its face and duly acknowledged by the husband and wife, was intended as a mortgage, unless it amounts to proof clear, satisfactory and convincing.

2. INTENTION OF WIFE — INNOCENT GRANTEES.— Where the transaction was negotiated with the husband, it would not be a mortgage because the wife so intended it, the grantees being innocent of any illegal or improper purpose.

3. INSUFFICIENT EVIDENCE — OPINION REFERRED TO.— See this case for evidence insufficient to support a finding that such a conveyance, made to the sureties on the official bond of the husband, after he had admitted that he was a defaulter to an amount in excess of the value of the homestead, was intended as a mortgage, and was therefore illegal.

APPEAL from Harris.    Tried below before the Hon. James Masterson.

*Baker & Botts*, for appellants.

*Jones & Garnett*, for appellee.

I. A deed absolute on its face may be shown by parol testimony to be a mortgage, and this may be proven just as any other fact can be proven, subject only to the one restriction that the testimony of one witness to declarations of the alleged trustee will not be sufficient unless corroborated. Stampers *v.* Johnson, 3 Tex., 1; Carter *v.* Carter, 5 Tex., 100; Mead *v.* Randolph, 8 Tex., 196; Mann *v.* Falcon, 25 Tex., 275.

II. The grantees in the deed having expended nothing, and having incurred no liability for the deed or upon the faith of it, it does not matter how they understood it. If Mrs. Davis understood and executed it as a mortgage, and for no other purpose, then it can have no standing

as to her except as a mortgage, the property being her homestead and not subject to a sale except by her express act, having that end and purpose directly in view. Const. 1876, art. 16, sec. 50; R. S., art. 560; Hohorst *v.* Flatto, decided February 14, 1882, by supreme court.

GOULD, CHIEF JUSTICE.—Ordinarily when parol evidence is admitted to show that a deed, absolute on its face, was intended by the parties as a mortgage, it is done with the view of its enforcement as a mortgage. On the ground that equity forbids the use of the deed as a conveyance where the parties only designed it to operate as a security, parol evidence is allowed to show that such was the intention of the parties. The appeal is for equitable relief, and is accompanied with the proffer to do what equity requires, by submitting to the enforcement of the instrument as a mortgage. In such cases the proof must be "clear, satisfactory and convincing." Jones on Mortgages, vol. 1, sec. 335 and authorities there cited. See also Grooms *v.* Rust, 27 Tex., 234 and cases there cited. But here the attempt is to show by parol that a deed absolute on its face was intended merely as a security, the purpose being not to allow it to operate as intended, but to absolutely cancel and annul the instrument on the ground that by the constitution and laws of this state any mortgage or lien on the homestead is invalid. Doubtless the illegality of this contract may be shown to defeat it. If in truth the real transaction between the parties was not a sale, but was merely to operate as a security or lien on the homestead for the reimbursement of the sureties on the official bond of Davis for such amount as they might be compelled to pay to satisfy recoveries against them as such sureties, then these facts being established by "clear and strong proof," the illegality of the contract would be apparent. 1 Jones on Mortg., sec. 622 and references.

But whether the parol evidence be admitted on equita-

ble grounds, looking to the enforcement of the instrument as a mortgage, or on grounds of public policy, looking to the cancellation of the instrument as illegal, in neither case is the fact that the "grantee understood the transaction to be a mortgage" sufficient to prove it to be so. 1 Jones on Mortg., sec. 335 and references. There is no evidence whatever tending to show that if Mrs. Davis was deceived into executing the instrument by representations that it should operate as a mortgage, the grantees were parties to or had any knowledge of such deception. She testifies that she understood and intended said deed only as a mortgage, but testifies also that the only conversation she had with any one about the matter was with her husband; and it appears otherwise that the negotiations leading to the execution of the deed were between the grantees and her husband. Clearly the transaction is not a mortgage because Mrs. Davis so intended it. She must have had the legal effect of the instrument as an absolute conveyance explained to her when her privy examination was had and her acknowledgment taken; and if she were misled into a false belief as to the intended use to be made of the conveyance, that belief does not infect that conveyance with illegality in the hands of grantees innocent of any illegal or improper purpose. But the question recurs, what was the real transaction as developed by the evidence? The grantees testify that it was a *bona fide* sale, in which they agreed to pay for the property the sum of $10,000, they to be credited with the amount of any judgment recovered against them as sureties of Davis, and to pay the difference if said recoveries were less than $10,000. Should there be no recovery they were to pay the full $10,000. They all testify that Davis admitted to them that he was a defaulter to a large amount, and that they, his bondsmen, would doubtless have to make good the deficiency. They say it was understood the amount they would prob-

ably have to pay was largely in excess of $10,000. They admit that their purpose in buying was to indemnify and reimburse themselves against their liability on said bonds. They say that they well knew that a lien or security on the homestead was not good, and never thought of taking such a lien; nor was anything said about reconveying the property to Davis in case no judgment was recovered against them. On the other hand they testify that no note or obligation was given for the purchase money, and that they were not to have possession of said homestead until a judgment was rendered against them as sureties; and in fact the possession of the place remained unchanged. Whilst it is not to be denied that these last named circumstances tend to show a mortgage rather than a sale, it is believed by the court that they are insufficient to outweigh the evidence positive and circumstantial that an absolute sale was intended. To the mind of the writer, by far the most potent circumstance indicating a mortgage is the fact that possession was not to be delivered until a judgment was rendered against the sureties. Whilst hesitating in reaching any conclusion, he is individually inclined to the opinion that the practical effect of such a stipulation as to possession is to make the conveyance inoperative at the option of the grantors, should no judgment be rendered against the sureties. If so, the deed would in effect be a mortgage. The evidence, however, is positive that the full $10,000 was to be paid if there were no such recovery. These stipulations taken together show, in the opinion of the court, that the validity of the sale was not dependent on the recovery. A fixed price was agreed upon and an absolute conveyance made. The payment and the possession were postponed until the anticipated recovery became actual, or until it was ascertained that no recovery would be had, and that therefore the sureties would have nothing to pay. In the light of the other evidence it is thought that the

stipulations as to payment and possession mean that both should be postponed until the termination of the anticipated suits on the official bond of Davis, but that then payment was to be made and possession delivered.

On the whole case, thinking it most unreasonable that the parties should have intended the deed to operate as a mere security, when they knew it would be inefficacious as such, the court holds the circumstances in evidence insufficient to overturn the positive testimony as to the intention of the parties, and to establish with sufficient clearness and certainty that no sale was intended, but merely an arrangement for the security of the sureties of Davis.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.