### J. KAINER AND WIFE v. MRS. K. BLANK.

#### No. 305.

1. **Conditional Sale—Mortgage.**—K. owning a homestead worth $1200, and owing B. $600, made a deed absolute to B. for the property, in consideration of $600, and received back from B. an instrument which provided that if K. should repay the $600 with interest thereon by a certain date, that B. would reconvey the property to him. See evidence of circumstances upon which it was held that the instruments constituted a mortgage, and not a conditional sale.

2. **Homestead—Material Man's Lien.**—Materials furnished for the improvement of a homestead, and used before any contract for them was signed and acknowledged by the wife, as required by law, can not be held to operate as a lien upon the homestead.

APPEAL from Fayette. Tried below before Hon. H. TEICHMUELLER.

*Joseph Elinger*, *N. M. Williams* and *John T. Duncan*, for appellants.

1. The court erred in overruling the special exceptions of plaintiffs to that portion of defendant's answer wherein the two mechanics' liens were set up and asked to be foreclosed:

(1) Because both of said mechanics' liens showed on their face that more than four years had elapsed since the same became due and the filing of suit on same. Cole v. Kelsey, 2 Texas, 541.

(2) Because one of them showed on its face that it was executed and signed by the parties long after the material had been purchased, and was not executed prior to the purchase of said material. Lyon & Gribble v. Ozee, 66 Texas, 95; Taylor v. Huck, 65 Texas, 328.

(3) Because one of said mechanic's liens was not filed in the office of the county clerk of Fayette County within six months after its execution, but was filed more than eleven months after its execution. Cameron v. Marshall, 65 Texas, 11.

2. The court erred in his findings of fact and conclusions of law wherein he held that the instrument of writing executed by Kainer and wife on March 10, 1888, was an absolute deed and not a mortgage:

(1) Because the undisputed evidence showed that the property was only a pledge for the debt.

(2) Because the instrument of defeasance which John Blank signed was written at the same time the deed was written and by the same party, and in contemplation of law was simultaneously executed, and by said agreement Blank agreed to reconvey to Kainer and wife, or to their assigns, the property upon the payment of the debt, with 10 per cent interest, one year thereafter.

(3) Because the evidence shows that the debt between Kainer and Blank was not extinguished by the conveyance of the property in question, but that by a subsequent agreement Kainer was paying 8 per cent interest upon that and other indebtedness, and all of which had prior to that time been bearing 10 per cent interest.

The precise form in which the condition is expressed or the name given to the transaction by the parties is immaterial, more especially in equity, provided the substance appears.   Hill. on Mort., 34a, 35; Stephens v. Sherrod, 6 Texas, 297; Dunham v. Dey, 2 Johns. Ch., 189; Weed v. Stevenson, 1 Clark, 166.

*Brown, Lane & Jackson*, for appellee.—1. Blank having purchased, as was supposed, the property, and having discharged the two liens in question in order to save his property from sale, would be entitled to be reimbursed the amount paid by him for the purpose of discharging such lien before the property could be taken from him; and it would make no difference whether the claims were valid liens or not, if they were so treated by the parties concerned.   Heidenheimer v. Stewart, 65 Texas, 321; Ledbetter v. Burns, 54 Texas, 374; Jones v. Smith, 55 Texas, 383.

2. The material men's claims paid by Blank were valid claims against appellants.   They had, as to the Black claim, become liable for it and created it a charge upon the property by making it a part of the consideration from themselves to Black for the property.   As to the other, they had executed it according to the forms of law, and pretended that it was a valid lien, and Blank had no means of knowing that it was not such. They are estopped from denying its validity.   Heidenheimer v. Stewart, 65 Texas, 321.

WILLIAMS, Associate Justice.—This suit was brought by appellants to have a deed which they had made to certain lots in Schulenberg, Fayette County, Texas, to John Blank, under whom appellee claims, declared to be a mortgage and set aside as invalid, on the ground that the property was the appellants' homestead.  Appellee claimed that the deed was not intended as a mortgage, but as a sale with the privilege to Kainer and wife to buy it back within a fixed time, upon payment of the sum which was the consideration of the deed, and interest.

Appellee in her answer also claimed a lien upon the property for material furnished for its improvement by one Baumgarten upon contracts therefor, made with the owners, which had been acquired by Blank.

Blank was a wholesale liquor dealer in New Orleans, and Kainer was engaged in business in Schulenberg and had become indebted to Blank in the sum of $600 for goods purchased. About the time the deed was made Blank wrote to Kainer, informing him that unless the debt was paid or secured, no further credit would be allowed. Kainer, on receipt of this letter, requested a notary to write a mortgage upon his homestead to secure the debt to Blank. The notary informed Kainer that a mortgage upon the homestead would be void, and suggested that he make a deed, and that Blank should sign an agreement to reconvey when he (Kainer) should pay the debt. To this Kainer agreed, telling the notary "to fix it up right, as he wanted further credit and wished to secure Blank." An absolute deed with covenants of warranty, reciting a paid consideration of $600, was prepared and signed and acknowledged by Kainer and wife, and by the former was forwarded to Blank at New Orleans. At the same time an instrument to be signed by Blank was sent to him, and in due time was executed by him and returned to Kainer. It is as follows:

"Whereas, Joseph Kainer and Anna Kainer, husband and wife, of said county and State, have this day, the 10th day of March, A. D. 1888, sold and conveyed to me, the undersigned, lots 8, 11, and 12 of May's Addition of the town of Schulenberg, for the sum of $600; now therefore, be it known, that if said Joseph Kainer, his heirs, administrators, or assigns, shall truly pay or cause to be paid to me, my heirs or administrators, the sum of $600, with 10 per cent interest from date, on or before the 10th day of March, 1889, then and in such case I hereby promise to make him, his heirs or assigns, a good valid title for said above mentioned lots.

"Witness my hand and seal, at New Orleans, this the 12th day of March, 1888.

"JOHN BLANK."

None of the letters which passed between the parties are in evidence. In October, 1887, Kainer had let the premises to one Neuhaus for a term to expire December, 1891. Neuhaus, after the deed was executed, remained in possession, recognizing and treating Kainer as the owner, and paying the rent to him.

There is testimony, found by the trial court to be true and which we accept as true, to the effect that Kainer, after the deed was made, requested and obtained from an agent of Blank permission to receive the rents, agreeing to keep the premises in repair, and to pay to Blank out

of the rents a sum equal to 8 per cent interest on the $600 and on other sums stated below. This agreement must have been subsequent to January 2, 1890, as will appear further on.

The value of the property at the date of the deed was $1200 to $1500, and the consideration of $600 was inadequate; but one Baumgarten had claims due on two contracts previously executed, one by Kainer and wife and the other by the party from whom they purchased the property prior to their purchase, which were supposed by them to operate as liens upon the homestead; and the court below held, that in view of this fact the consideration for the deed was adequate. But there is no evidence that Blank knew of these claims, or that he assumed the payment of them; and the fact that he agreed to reconvey the property to Kainer for $600 shows that he did not. Kainer continued liable for the debt due to Baumgarten, and it can not be taken as a part of the consideration for the deed to Blank.

Kainer, subsequent to the date of the deed to Blank, paid $50 to Baumgarten on this debt. He also regularly paid taxes, and caused repairs to be made on the homestead. There is evidence that Blank's agent also paid some taxes on the property, but the dates and the amounts of the payments do not appear. It is not shown that he paid them regularly as they became due.

In January, 1890, Blank. being informed of the Baumgarten claims, paid to the latter the amount due on them, amounting to $682, and upon one of them is endorsed simply the fact of such payment, but on the other is endorsed a transfer by Baumgarten of the debt and of the lien to secure it. It was after the payment and transfer of these claims that the agreement was made between Blank's agent and Kainer that the latter might collect the rents, and out of them pay Blank a sum equal to the interest on the $600 consideration recited in the deed and on the amount paid by Blank to Baumgarten.

Kainer, under this agreement, paid only $50 out of the rent, at some time not mentioned. Kainer failed in business in December, 1889. Blank died in the fall of 1891.

Prior to Blank's death no demand for rent was made by him of the tenant in possession of the premises. Afterwards the tenant was notified by Mrs. Blank's agent that Kainer was not paying the interest on the $600 and the amount paid Baumgarten, as he had agreed to do, and that thereafter the rent should be paid to her, and none has since been paid to either party.

Except as the fact may be inferred from these circumstances, there is no evidence that the parties considered that the debt due from Kainer to Blank when the deed was made was satisfied and cancelled by that transaction.

One of the contracts for material with Baumgarten was made by one

Black and wife, from whom appellants purchased the property, and the debt matured on the 14th day of January, 1885.

The other was made by appellants with Baumgarten after they became the owners of the lots in controversy, and this debt matured on the 1st day of October, 1887.

In both cases the material was furnished and used before the contracts were made and acknowledged by the wives, and the property was homestead at the date when such material was so bought and used and the contracts executed.

*Opinion.*—Under these facts, all of which are either found by the trial judge or shown by uncontradicted evidence, we think it clear that the transaction between Kainer and Blank was an effort to mortgage the homestead, and not a sale, either absolute or conditional. About all of the facts from which the courts are accustomed to hold a transaction taking the form of this one to constitute a mortgage appear in this case.

It is conclusively shown by the testimony of the notary, as well as by that of both of the plaintiffs, that they did not intend to sell their homestead absolutely, but only to secure the debt, and obtain further credit. This of itself would not determine the character of the conveyance, if Blank understood and accepted the deed as a conditional sale for the payment of his debt. Brewster v. Davis, 56 Texas, 478. What his understanding was can only be gleaned from the facts in evidence. The court below found that there was no evidence that he understood it otherwise than as a conveyance, but we think the circumstances lead to the opposite conclusion.

First. There was a pre-existing debt, of which he demanded either payment or security. Kainer sends him the two instruments, one of which he retains, the other of which he returns to Kainer. There are none of the negotiations and inquiries which usually accompany a purchase of property. The intention of Kainer was to secure and not to pay the debt. The delivery of the deed could not operate as a payment, unless Blank agreed to accept it as a satisfaction of his claim. There is no evidence that he did so. Consistently with the facts shown, he could have sued Kainer and recovered the money due him, treating the conveyance simply as a security. This is the test by which the character of the transaction is to be ascertained. Ruffier v. Womack, 30 Texas, 332; Jones on Mort., 267.

Second. There is an agreement to reconvey upon the payment of the exact amount of the debt with interest at a higher rate than Blank could before have demanded. This is a circumstance which is always considered strong though not conclusive evidence of the continued existence of the debt, and of an intent to secure it. Jones on Mort., secs. 266, 278.

Third. There is no change in the possession, but the tenant continues

to hold and pay rent to Kainer, without any knowledge of Blank's claim. No rent is paid to or demanded by Blank for nearly two years after the deed is made, and for nearly a year after the lapse of the time for redemption or repurchase of the property, though the tenant is paying to Kainer monthly.

Fourth. When finally an agreement is made concerning the rents, it is in the shape of a device for the collection of interest. This agreement was made when, according to appellee's theory, all right in Kainer to buy back the property was at an end, and when Blank, had there been a sale of the property, would have been entitled to the rent from the tenant amounting to more than the 8 per cent of the whole indebtedness, including the amount due on the Baumgarten contracts, for which he stipulated.   Jones on Mort., sec. 273; Loving v. Milliken, 59 Texas, 423.

Fifth. The amount paid for the land was not more than half its value. It is not shown that Blank knew of the claims against it (which in fact were not liens upon it), nor that the existence of such claims in any way affected the original transaction. It does appear that he subsequently learned of the claims and then bought them, instead of paying them. In doing so he took a transfer of the supposed lien to himself. This has not the appearance of the payment of a charge against his own property, but rather of the purchase of an additional encumbrance upon the property of his debtor, to which he must look for security of his debt.   It is true that the supposed existence of the liens for material might have influenced the judgment of the parties as to the value of the property, and caused them to agree that $600 was an adequate price for it with such charges upon it; and had there been a sale of it for $600, in view of this fact, we could not say that the price was inadequate. But the supposed liens were not adjusted nor taken into consideration when the conveyances were made.

It is not reasonable to suppose that Kainer would sell his homestead for half its value, remaining bound to pay the Baumgarten claims; and on the other hand it can not be supposed that Blank agreed or intended when he took the deed to pay off these claims, and at the same time to reconvey to Kainer for $600.

The deed of Kainer and wife to Blank and the obligation of the latter to the former, on their face import a conditional sale, and this threw upon the plaintiffs the burden of showing that both parties intended the transaction as a security for the debt. This we think has been clearly shown. There seems to have been no effort, so far as the evidence goes, on the part of Blank to collect his debt, and this is a circumstance to be considered in favor of appellee; but its force is broken by the other facts of the case, especially by the agreement to pay interest out of the rents, and the taking of a transfer of another supposed lien on the property, evidencing the existence and assertion of a debt.

After a careful consideration of the facts of the case and of the hard-ship that will apparently result to appellee from a decision holding that the transaction in question was an attempt to mortgage the homestead, and therefore invalid, we can arrive at no other conclusion than that it was.

The materials furnished by Baumgarten having been obtained and used before any contract therefor was signed and acknowledged by the wife as required by law, can not be held to operate a lien upon the home-stead.

Both of the debts were barred by limitation before this suit was brought. Blank, by paying or purchasing them, acquired no better right than Baum-garten had, and we can not see that they can be made the basis of any relief to the defendant in this proceeding.

The judgment will therefore be reversed and a decree here entered de-claring invalid and setting aside the deed from Kainer and wife to Blank, and adjudging the property to appellants.

*Reversed and rendered.*

Delivered January 11, 1894.