M. J. MUCKELROY ET AL. V. JOE HOUSE, GUARDIAN.

Decided October 18, 1899.

**1. Evidence of Party—Presumption Against Not Indulged, When.**

The rule that when a party to the suit in testifying withholds evidence of material facts, this is to be taken as a circumstance against him, does not apply where the witness, suing as guardian, is only nominally a party.

**2. Cost Bond—Harmless Error.**

Where a judgment below which is for plaintiff is appealed from by the defendant and is affirmed, error of the trial court in not requiring plaintiff to give a cost bond is harmless as to appellant, since he is liable for all the costs of both courts.

APPEAL from San Saba. Tried below before Hon. M. D. SLATOR.

*Allison & Walters Bros.,* for appellants.

*J. E. Shropshire,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by appellee House, as guardian of Maud Lee House, against the appellant Mrs. Muckelroy and the three children of herself and her deceased husband, I. H. Muckelroy. The action by plaintiff was in the form of trespass to try title to recover the land in controversy. The plaintiff, Maud Lee House, held the land as devisee under a will executed by Peter Lee, deceased, who during his lifetime held under a deed absolute in form to the land in controversy, executed by I. H. Muckelroy.

Defendants in their answer pleaded that the deed from Muckelroy to Lee, while in form an absolute conveyance, was in reality intended as a mortgage, and that at the time that this instrument was executed the land in controversy was the homestead of Mrs. M. J. Muckelroy and her husband, I. H. Muckelroy; and further, that if it was in fact a deed it was void because Mrs. Muckelroy did not join in its execution, the property in controversy being at the time alleged to be their homestead. They asked that the deed be declared a mortgage and canceled as a cloud upon the appellants' title, and for a recovery of the land on the ground that it was their homestead at the time that the instrument was executed, and on the ground that it was a mortgage made to secure a debt from Muckelroy to Lee which was barred by limitation. They also, by sworn answer, alleged that the deed was a forgery.

The case was tried before the court without a jury, who found its conclusions of law and fact, which are as follows: "(1.) That plaintiff Joe House has shown title from the sovereignty of the soil to Mary Lee House. (2.) That the evidence, circumstantial and otherwise, is sufficient to establish the execution of the deed from I. H. Muckelroy to Peter Lee. (3.) That the evidence is insufficient to show that while the instrument from Muckelroy to Peter Lee is on its face a deed that it was in fact intended as a mortgage. (4.) That the evidence fails

to show that the property at the time of the execution of the deed from I. H. Muckelroy to Peter Lee was the homestead of defendant M. J. Muckelroy and I. H. Muckelroy. (5.) That the evidence fails to show that plaintiff established either the three, five, or ten years statute of limitation."

The court also found as its conclusion of law that plaintiff was entitled to recover the land in controversy, and upon these conclusions judgment was rendered in favor of the appellee.

The first question turns upon the sufficiency of the evidence to establish that the deed attacked for forgery was executed by Muckelroy to Lee. Upon this point we think the evidence sufficient. The witness House testifies that he was present and saw the deed executed by Muckelroy. In support of this, this deed was recorded, and Lee claimed under it years before his death. There is evidence in the record which is not contradicted showing the general reputation and character of Lee for fair dealing and honesty. There is testimony of witnesses on the other side to the effect that Muckelroy could not have been at the place at the time at which House testifies the deed was executed. In other words, all that can be said upon this question is that there is a conflict of evidence, and the court, having before it the witnesses who testified upon this issue, was in a position to judge of their credibility and what weight should be given to their testimony. Having resolved the question in favor of the validity of the deed, based upon nonobjectionable evidence, we would not feel authorized to disturb the judgment upon this ground.

It is also contended that the judgment is erroneous, because the evidence shows that the instrument executed by Muckelroy to Lee was in fact a mortgage. As to this question we think the evidence, or in other words the lack of evidence, establishing that the instrument was a mortgage, justifies the judgment of the court. The deed is absolute in form. It conveys the land to Lee without any conditions whatever. It further appears by the evidence of Park Hayes that Lee during his lifetime claimed the land, and asserted that he had a title thereto from Muckelroy, and that during the lifetime of Muckelroy he paid taxes on the land. In opposition to these facts, the plaintiff introduced one witness, who testified that he heard Lee state in a conversation between him and the witness' father, sometime between 1876 and 1878, that the instrument in question was a mortgage. Appellants contend that this evidence is corroborated by the fact that the appellee House stated, when testifying, that the transaction concerning the execution of the instrument was within his knowledge, and that his failure to disclose what knowledge he possessed in that particular should be taken as evidence against the plaintiff, as a corroborating fact supporting the testimony of the witnesses who testified as to the declarations of Lee that the instrument was a mortgage. In Grace v. Hanks, 57 Texas, 15, and Cuney v. Dupree, 21 Texas, 219, it is held that the evidence of a

single witness, without corroboration, testifying to the declarations of a deceased person alleged to be a trustee holding the legal title, is not sufficient to establish the trust. This rule, we think, should be given application in this case. Instead of the evidence showing corroboration of the testimony of these witnesses, we think it clear that, from the other facts in the record, the court was justified in the conclusion in determining the weight to be given to the evidence that the instrument really was intended as a conveyance. It is often the case that where a party interested in a controversy testifies to a transaction that is material, and suppresses evidence or fails to disclose or state all of the facts within his knowledge, the court or jury trying the issue might be justified in considering this as a circumstance against him. But this rule could not be given application in this case, because the witness House was not a party in interest to this controversy. It is true that he was a party to the record, but only so in a nominal or official capacity. He had no interest in the controversy, because he had no interest in the title. As said in Tuttle v. Turner, 28 Texas, 770, "The true test of an interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be evidence for or against him in some other action."

Therefore, we conclude that the failure of House to detail what his knowledge was of the transaction between Lee and Muckelroy at the time the deed was executed could not be charged to the plaintiff as a circumstance establishing the theory that the deed was intended as a mortgage. But independent of this, if we could admit that this could be considered as a circumstance corroborating the statement of the witness testifying to the declarations of the deceased grantee, we would not feel justified in disturbing the judgment of the court, for that court had the right to determine the credibility of the witnesses who testified to the fact upon which the defendant relied to establish that the instrument was a mortgage.

In opposition to the testimony of the witness Latham, who testified to the declarations of Lee, as said before, there is evidence of another witness, Park Hayes, who testifies that Lee asserted title to the land under the deed executed by Muckelroy. Really, all that is necessary to be said upon this question is that the trial court did not err in holding that the evidence by which it was sought to establish that the instrument was a mortgage was not of such a clear and satisfactory character as would lead to that conclusion. Miller v. Yturria, 69 Texas, 554; Howard v. Zimpelman, 14 S. W. Rep., 61; King v. Gilleland, 60 Texas, 274.

There is no merit in the contention that the evidence shows that the property, at the time that the conveyance was executed by Muckelroy to Lee without the joinder of his wife, was their homestead. All of the evidence upon this point was that Muckelroy and wife intended to make this property their homestead, but it fails to state any acts of

preparation looking to that end.   They never occupied the land, nor was anything done towards improving it.

Our disposition of the case renders the ruling of the court in refusing to require a cost bond to be executed, harmless error, for the appellants, according to our disposition, are responsible for all the costs accrued in the trial court and in this court.

This is all that we care to say in disposing of the case, except we adopt the conclusions of fact reached by the trial court.   We find no error in the record, and the judgment is affirmed.

*Affirmed.*