## MILLER v. HARBOR PAVING CO.

### No. 9835.

Court of Civil Appeals of Texas. Galveston.

March 15, 1933.

Rehearing Denied April 20, 1933.

Second Petition for Rehearing Denied May 25, 1933.

Sewall Myer, of Houston, for appellant.

Palmer Hutcheson and John T. Maginnis, both of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellee.

PLEASANTS, Chief Justice.

This is a suit by appellant against appellee, an alleged partnership, to recover upon a contract for unloading, placing, and spreading shell and crushed stone upon certain desig-

nated streets in Golfcrest addition to the city of Houston.

The petition alleges that while the contract signed by the parties fixed the price which appellee agreed to pay appellant for such work at 40 cents per ton, that at the time plaintiff signed the contract, as an inducement in obtaining his signature, appellee agreed that if it should be shown after a three-week trial by appellant the work could not be down by appellant at a profit for the price named in the contract that appellee would pay plaintiff for such services 45 cents per ton.

The following allegations of the petition, which we find substantially accurate, are copied from appellant's brief:

"That plaintiff thereafter entered upon the performance of said contract for said trial test period and at the end of three weeks trial test plaintiff and defendants did meet and at that time ascertained by checking plaintiff's records and work for the three weeks test period, that plaintiff could not make a profit at forty cents (40¢) per ton and the defendants then and there agreed that they would, as they had theretofore promised, pay to plaintiff forty-five cents (45¢) per ton for hauling and spreading said shell and stone. That in compliance with their said agreement and in confirmation and ratification thereof defendants, at the end of such test period, wrote and delivered to plaintiff a letter setting forth that defendants would pay plaintiff forty-five cents (45¢) per ton, in accordance with their agreement. That relying and depending upon said letter and agreement to pay plaintiff said forty-five cents (45¢) per ton, and the defendants knowing full well that plaintiff was relying upon said agreement to pay him forty-five cents (45¢) per ton, the plaintiff continued to haul and spread said shell and stone. That the defendants knowingly accepted the benefit of plaintiff's said work and never at any time until after plaintiff had fully complied with said work stated to plaintiff or even intimated to plaintiff that they did not intend to be bound by their agreement to pay to plaintiff the forty-five cents (45¢) per ton. Plaintiff alleged that this constituted a fraud upon him and that the work was reasonably worth forty-five cents (45¢) per ton. That the written contract attached to plaintiff's petition was not the full and complete contract. Plaintiff further alleged that the above facts worked an estoppel on the defendants. That the written contract of date November 6, 1928, above referred to, was executed only in pursuance of a more comprehensive agreement which plaintiff and defendants did not undertake to express in writing. That the execution of said contract of date November 5, 1928, by plaintiff was induced by the promises, stipulations and agreements of the defendants as alleged by plaintiff. In addition thereto, plaintiff pleaded fraud by the defendants and reliance thereon by plaintiff to his damage. Plaintiff further pleaded that the defendants were bound by their letter dated December 18, 1928, written and delivered to plaintiff by the defendants at the end of the test period wherein the defendants referred to, renewed and agreed to be bound by the forty-five cent (45¢) per ton agreement and promise.

"Plaintiff further alleged, that relying upon the defendants' said agreement, letter and promise to pay plaintiff forty-five cents (45¢) per ton, plaintiff did said work to the entire satisfaction of all parties concerned. That after this work was completed defendants for the first time declined and refused to be bound by their said agreements, letter, etc., to pay to plaintiff the forty-five cents (45¢) per ton, all to plaintiff's damage as set forth in plaintiff's petition.

"That the contract of date November 5, 1928, was attached as an exhibit to plaintiff's petition and the letter dated December 18, 1928, which confirms, ratifies and recognizes the agreement and obligation and binds the defendants to pay plaintiff forty-five cents (45¢) per ton. is attached as an exhibit to plaintiff's petition."

The letter referred to as part of the petition is as follows:

"Houston, Texas, December 18, 1928.
"Newton E. Miller, Contractor, 2203 Walker Avenue, Houston, Texas.

"Dear sir: Referring to your contract with the Harbor Paving Company dated November 5th, 1928, covering in part the unloading and hauling of shell and stone from the cars and delivered on streets designated in said contract at a price of Forty Cents (40¢) per ton.

"It was agreed and understood between Mr. H. C. Hord, Jr., Claude E. Belk and yourself that if in the unloading and hauling of this material it developed you could not handle same at a profit in the price of 40¢ per ton, trial test to be made by you for a period of three weeks, then the Harbor Paving Company was to pay you a price of 45¢ per ton for the unloading and hauling of said material.

"This letter will confirm conversation between yourself, H. C. Hord, Jr., and Claude E. Belk of December 15th, 1928, wherein you showed us your cost and the said H. C. Hord, Jr., and Claude E. Belk granted to you and agreed to raise the price on this unloading and hauling from 40¢ to 45¢ per ton. The additional 5¢ per ton to be paid to you when your contract with the Harbor Paving Company has been fulfilled and all work accepted by the City of Houston.

"Yours truly, Harbor Paving Company
"[Signed] Claude E. Belk."

The amount claimed in the petition to be due plaintiff under his alleged contract with appellee is $8,343.15, for which sum he prays

judgment against the appellee partnership, and H. C. Hord, Jr., Claude E. Belk, and T. S. Taliaferro, who are the alleged members of the partnership.

Defendant Taliaferro answered by general demurrer and special exceptions, attacking the petition on the grounds that its allegations show that plaintiff is seeking to vary and modify the terms of the original contract by the letter of his codefendant Belk attached to the petition (above copied in full), when the agreements shown by the letter "are inconsistent with the contract sued upon and constitute an effort to vary the written contract"; that he cannot be held liable upon the contract sued upon, because the only parties to the contract were H. C. Hord, Jr., and Claude E. Belk; and that the allegations of the petition charging liability upon him as a member of the alleged partnership because of the modifications of the original contract are unenforceable for want of any consideration. He further excepts to the petition on the ground that its allegations of fraud and estoppel are mere legal conclusions and set out no facts upon which such conclusions can be based. He further answered by a general denial, and specially denied the authority of Belk and Hord to agree to any modification of the original contract, and avers that such modification "was wholly unknown to, and unauthorized by him, and was wholly without consideration."

The defendant Hord filed and presented similar exceptions to the petition, and further answered by general denial, and specially denied that he agreed to the modification of the contract set out in plaintiff's petition.

The trial court sustained defendant's general demurrer, and special exceptions to the petition, and plaintiff declining to amend, his suit was dismissed.

We agree with appellant that the trial court erred in sustaining the general demurrer to plaintiff's petition.

Under the original contract of date November 5, 1928, attached to and made a part of plaintiff's petition, appellant obligated himself, as subcontractor, to construct for appellee the curbs and gutters on a number of designated streets in Golfcrest addition to the city of Houston according to the plans and specifications set out in the contract for the improvement of said streets by and between appellee and the city of Houston, such work to be done upon each of said streets under the direction of the city engineer, and to be performed when directed by the engineer. Appellee agreed in this contract to pay appellant 60 cents per lineal foot for this work. Appellant further agreed in this contract to unload from the cars delivering the material to appellee, and deliver and spread on the streets as designated, the shell and crushed rock to be used by appellee in paving the streets, and for this work appellee agreed to pay appellant the sum of 40 cents per ton of the material so delivered and spread by appellant. The letter signed by Claude E. Belk and delivered by him to appellant is alleged in the petition to be the act and contract of the appellee partnership, and as against a general demurrer this allegation must be taken as true. The partnership certainly had the right to modify or change its original contract with appellant as evidenced by this letter, and it does not seem to us that the statute of frauds invoked by appellee presents any defense to plaintiff's suit on the contract evidenced by the letter. Nor do we think appellee's exceptions and pleas attacking the change in the contract as invalid on its face for want of any consideration can be sustained.

The considerations recited in the letter are, in our opinion, sufficient to support the contract evidenced thereby.

If it be conceded that the allegations of fraud in obtaining the original contract are insufficient to raise that issue, still the appellee could waive its right to the protection it might have had under the statute of frauds, now invoked by it and the individual members of the firm, and it seems clear to us it did this when it executed this letter.

We also think that under the facts alleged in the petition appellees should be held estopped to now invoke the statute of frauds against the enforcement of its contract with appellant as evidenced by the letter upon which the suit is based.

These conclusions require that the judgment be reversed and the cause remanded, and it has been so ordered.

Reversed and remanded.

#### On Motion for Rehearing.

Appellee in an able motion for rehearing very justly criticizes the reference in our main opinion to the statute of frauds as the basis of its objection to the evidence upon which appellant relies to sustain his contention that the original contract, under which he undertook to perform the work for appellee for the contract price of which this suit is brought, was subsequently changed by a new agreement increasing the compensation appellee was to pay for the work. Our statute of frauds is not involved in the case by the pleadings or by any proposition presented in appellee's brief. The opinion shows that the rule of evidence invoked by appellee was the common-law rule adopted by our statutes (Rev. St. 1925, art. 3713), that "parol or extrinsic evidence is generally inadmissible to contradict, vary, or add to the terms of a written instrument," and it was manifestly inaccurate to refer to this rule as being embodied in our statute of frauds, such reference was an obvious inadvertence on the part of the writer. With this acknowledgment of

inaccuracy in our former opinion, we are constrained to adhere to the conclusions that appellant was entitled to sue upon the written agreement executed by appellee increasing the compensation to be paid him for the work, and the parol evidence showing the consideration for such agreement as alleged in the petition and that the agreement, if proven as alleged, would be valid and binding upon appellee. This written agreement recites that "it was agreed and understood" between appellee and appellant "that if in the unloading and hauling of this material it developed you could not handle same at a profit in (for) the price of 40¢ per ton, trial test to be made by you for a period of three weeks, then the Harbor Paving Company was to pay you a price of 45¢ per ton for the unloading and hauling of said material."

The parol evidence alleged shows that appellant objected to the compensation fixed for the work by the original agreement and refused to execute the agreement, and that as an inducement for his execution of the instrument the further agreement referred to in the letter of appellee increasing the amount to be paid appellant for the work was then made by appellee.

In this state of the evidence it cannot be held that the agreement contained in the letter for an increase in the price to be paid appellant for the work was without consideration. Both parties were then acting in good faith, and, while the sufficiency of the pleadings upon the issue of fraud in obtaining the execution of the original contract may be doubtful, if the contract was sought to be set aside on that ground only, but when appellee by its letter ratified and confirmed this parol agreement, it accepted it as a good consideration for the change in the original contract. Having made the parol agreement and obtained appellant's signature to the original contract as the consideration therefor, such parol agreement became a moral obligation and a sufficient consideration for the contract embodied in appellee's letter.

In addition to this, as shown in our main opinion, the contract for the hauling and spreading of the crushed stone and sand upon the designated streets was combined with a larger contract for the construction of curbs and gutters on the streets, and appellee by its written confirmation of the parol agreement increasing the compensation to appellant for the hauling and spreading of the paving materials before mentioned, received the benefit of all of appellant's work under the entire contract. It raised no question of any want of consideration for the change in the contract until after the entire contract was completed and the work accepted and paid for by the city of Houston.

It solemnly agreed in writing that the additional compensation was necessary to enable appellant to make any profit out of his contract, and that it had agreed with appellant that if a three weeks trial should demonstrate that he could not at the price named in the original contract derive any profit from his work it would increase the price to the amount stated in the letter. The agreement referred to in its letter was shown by the parol evidence to have been made before the original contract was signed, and to have been the inducement in obtaining appellant's signature to the contract.

Upon this state of the record, we do not think there is any rule of law which requires holding that the change in the original contract evidenced by the letter written by appellee is unenforceable for want of consideration.

In our opinion none of the cases cited by appellee require such holding.

We think the motion for rehearing should be overruled.

Overruled.