**ELDER v. KING et al.**

No. 4407.

Court of Civil Appeals of Texas. Texarkana.

Nov. 10, 1933.

Rehearing Denied Jan. 25, 1934.

Clyde Vinson, of San Angelo, and Chauncey & Chauncey, of Longview, for appellant.

J. M. Davenport, of Tyler, Geo. E. Holland and John C. Gray, both of Henderson, McEntire, James & Clower, of Tyler, Slay & Simon, of Fort Worth, Lacy & Molhusen, of ·Longview, Richey & Sheehy, of Waco, Sam ·McCorkle, of Fairfield, ·Chas. R. Crum, of Dallas, and Wynne & Wynne, of Longview, for appellees.

LEVY, Justice (after stating the case as above).

In view of the evidence in the record and upon due determination of weight and sufficiency, this court does not feel justified in exercising its power to approve and adopt as a fact the answer of the jury to question No. 1. The evidence in that respect is slight and conflicting and there is room to hesitate or doubt as to the existence of such ultimate fact. In our mind the answer must be considered as being against the weight of the evidence and upon that ground alone it is here disapproved and not adopted but is set aside. The deed of conveyance of the 13½ acres by J. A. King to plaintiff was absolute and unconditional upon its face and was duly recorded in the deed records of the county. It was of record and constituted full legal notice when the subsequent instruments were executed by J. A. King to the defendants. The presumption, created by the language of the deed, is that the instrument is what it purports to be, an absolute conveyance, and will operate as such, unless the evidence proves it to be something different from what it purports to be and changes its apparent character into a mortgage. The doctrine is applied that, a deed absolute in form, given to secure the payment of a debt, will be considered a mortgage, although the defeasance rests wholly in parol. 41 C. J. § 94, p. 328; Gibbs v. Penny, 43 Tex. 560; Loving v. Mil-

liken, 59 Tex. 423; Clark v. Haney, 62 Tex. 511, 50 Am. Rep. 536, and other cases. It is well settled that such question is open to litigation, and the courts may so declare when the testimony impels to the conclusion that a deed on its face conveying the absolute title was, between the parties, but a mortgage to secure a loan. Equitable principles are applicable to such actions. In an action of the character, as here, of an action of trespass to try title by the plaintiff, it is incumbent upon the defendant whose claim or defense is that the deed is a mortgage to specifically plead such equities; otherwise no equities could be tried and he would be bound by the legal effect of the deed according to its terms. Groesbeeck v. Crow, 85 Tex. 200, 20 S. W. 49; Parks v. Worthington, 39 Tex. Civ. App. 421, 87 S. W. 720. It will be assumed in this case that the defendants in this case have specially pleaded the equities claimed. And the burden of proof manifestly lies upon the defendants claiming that the real character of the transaction is different from that which is imported by the language of the deed in question. The question is whether the defense has sustained the burden of proof. According to the evidence of the grantor, J. A. King, the circumstances leading up to the signing of the instrument were: That J. A. King and his wife, Katy King, had separated and a suit for divorce was pending. That the wife, Katy King, "didn't want the land" (referring to the land in the deed), but wanted "money" in the division of the property upon divorce. That J. A. King approached Mr. Trip Elder about the situation "in order to get the money to pay her interest out." That at the time J. A. King owed Mr. Trip Elder about $500 for advances. The property was presumptively community property as it was not shown to have been acquired prior to the marriage to Katy King. That J. A. King and Katy King both signed the deed on February 16, 1927, and acknowledged it on the same day, and that the divorce decree was granted about "a couple of months, something like that" after the date of the deed. The grantor, J. A. King, and the grantee, Trip Elder, both state that all the above preliminary talk and agreement was that the transaction would be a sale and that the instrument was executed with that intent. Both the plaintiff, Elder, and the grantor, J. A. King, affirmatively testified on the trial that the deed was intended as an absolute one. J. A. King testified that he got $450 in money and the release of his debt of $450, aggregating "about nine hundred dollars" that he got "for those two tracts." J. A. King further

testified that at the time of the execution of the deed he also had the "purpose in wanting to sell the land" of "going to Oklahoma." He testified after the date of the deed and the divorce he did go to Oklahoma and after staying there a short time changed his mind and "went down in Arkansas" and there stayed "I guess about five months in all." He then came back "to Kilgore" and rented the land from Mr. Trip Elder. Considering the surrounding circumstances as appears there is none of the convincing elements to fairly show that the warranty deed was, in fact, only a mortgage. The mere fact of itself and by itself that J. A. King was owing a debt to Trip Elder at the time of the deed would not be sufficient to raise a presumption either for or against the theory that the transaction was a mortgage. Whatever presumption of this kind there may be is repelled by the evidence of J. A. King showing in effect the debt was canceled at the time of the conveyance. It is not shown that the value of the property at the time the deed was given was more than the amount testified to as being paid for the property—a material consideration when passing upon the question of whether a deed was in fact a mortgage. The affirmative factual elements of the purpose of executing the instrument of transfer, to enable the wife in a divorce proceeding "to get the money to pay her interest out," and the intention of the husband to go elsewhere in another state, are more consistent than conflicting with an absolute sale of the property to effectuate a division of the property between husband and wife. They both signed the deed. The entire circumstances tending in contradiction of absolute conveyance consists in certain purported contradictory statements and the rendition for taxes of the 13½ acres of land by J. A. King, which latter act is explained apparently consistent with the deed. The character of the transaction was fixed in the beginning and the subsequent declarations of a party cannot change its character. These are nothing more than admissions which are admissible in evidence for what they are worth. Stripped of the contrary statements in evidence by J. A. King the evidence is slight as to the deed's being intended as a mortgage. To take the contrary statements of J. A. King as outweighing the other affirmative evidence would be to place great reliance on indefinite and inclusive evidence. It is the especial rule that the evidence relied upon for the purpose of affixing the character of a mortgage to an absolute deed must satisfy the high standard of probative force indicated by the expression "clear, satisfactory and convincing." Brewster v. Davis, 56 Tex. 478; Gazley v. Herring (Tex. Sup.) 17 S. W. 17; Muckelroy v. House, 21 Tex. Civ. App. 673, 52 S. W. 1038; Frazer v. Seureau, 60 Tex. Civ. App. 416, 128 S. W. 649. Other states, in annotation of rule, L. R. A. 1916B, page 192. There is authority for the rule, of necessity of sustaining the allegations of a mortgage by other testimony besides that merely of the grantor, in case that which was given conflicts in every important particular with that which was given by the other. Under such circumstances the testimony of one party is regarded as simply counterbalancing that of the other. L. R. A. 1916B, page 253.

In passing it is observed that the defendants have recovered judgment for the property as against the plaintiff. If the deed is a mortgage only, as the defendants must establish by proof, they cannot recover the land without tendering the amount of the debt and interest. Hicks v. Hicks (Tex. Civ. App.) 26 S. W. 227. And if the conveyance be only a mortgage, then the extent of the interest of the defendants, as against the plaintiff, can reach only to the interest of J. A. King. The divorced wife, Katy King, did not sign the leases or the royalty deeds in evidence, and there is no proof that she has ever conveyed her one-half community interest in the land, except in the deed to plaintiff.

The judgment is reversed and the cause remanded.