**ELDER et al. v. BYRD–FROST, Inc., et al.**

No. 5412.

Court of Civil Appeals of Texas. Texarkana.

Oct. 22, 1937.

Rehearing Denied Oct. 28, 1937.

W. B. Chauncey, of Jefferson, and Bramlette & Levy and Richard B. Levy, all of Longview, for relators.

Margaret Clark, of Dallas, and Wm. A. Wade, Philip Brin, and Wynne & Wynne, all of Longview, for respondents.

JOHNSON, Chief Justice.

Relator Mrs. Trip Elder, administratrix of estate of Trip Elder, deceased, and other parties at interest, have filed application as an original proceeding in this court praying for issuance of a writ of prohibition to respondent Byrd-Frost, Inc., its president and secretary, and to Katie Mauldin and husband, Fred Mauldin, and to the attorneys of record for said corporation and individuals, and to the honorable Clarence McGaw in his capacity as judge of the district court for the 124th judicial district of Texas.

Relators' application seeks to restrain respondents from further prosecuting a petition, in the nature of a bill of review (which petition will be referred to as the bill of review), filed by respondents (except Judge McGaw) in said district court July 14, 1937, and docketed cause No. 11290—B. The bill of review, cause No. 11290—B, seeks to vacate a judgment entered in said district court on September 17, 1934, in cause No. 416—B and to relitigate the matters determined by that judgment. A history of the litigation in cause No. 416—B is recorded in former opinions of this court reported in Elder v. King, 69 S.W.2d 479, and in 92 S. W.2d 1134. We shall restate only such facts as are deemed essential to an understanding of the matter now under consideration.

Cause No. 416—B was filed January 21, 1932, by Trip Elder in trespass to try title to 13.5 acres of land in Gregg county, against Byrd-Frost, Inc., J. A. (Joe) King, and a number of other parties. The land was conveyed by Joe King and his wife, Katie King (now Katie Mauldin), to Trip Elder by deed dated February 16, 1927, registered February 17, 1927. October 29, 1930, Joe King and wife executed an oil and gas lease on the land to J. E. Bagwell. This lease was assigned to D. H. Byrd and by Byrd assigned to Byrd-Frost, Inc. Byrd-Frost, Inc., answered and alleged that the deed from J. A. (Joe) King and wife, Katie

King, though in form an absolute deed, was by the grantors and grantee intended as a mortgage. Joe King answered and disclaimed any interest in the land. Katie King Mauldin, joined by her husband, intervened in the suit and set up the same ground of defense as that interposed by Byrd-Frost, Inc. As to whether or not said deed was intended as a mortgage was the sole ultimate issue in the case. In the first trial of the case the jury found that the deed was intended as a mortgage. Upon appeal, after reviewing the record, this court found that the evidence introduced in the trial of the case failed to support said finding of the jury and reversed and remanded the cause. 60 S.W.2d 479. In the last trial the jury found that the deed was not intended as a mortgage, and judgment was entered for plaintiff September 12, 1934. Defendants Byrd-Frost, Inc., and Katie King Mauldin appealed. Upon a review of the evidence this court found that the defendants had again failed to show that the deed was intended as a mortgage. Based upon this finding we held that the trial court should have peremptorily instructed a verdict for plaintiffs—which would have resulted in a like judgment as that entered upon the findings of the jury—hence rendered immaterial the alleged errors assigned by appellants. These assignments of error were based upon alleged improper argument of counsel for Trip Elder and alleged improper admission of testimony introduced by Trip Elder. Accordingly the judgment of the trial court in favor of Trip Elder was affirmed. 92 S.W.2d 1134. Writ of error applied for was dismissed by the Supreme Court.

On July 14, 1937, Byrd-Frost, Inc., and Katie King Mauldin, joined by her present husband, Fred Mauldin, filed their said petition in said district court cause No. 11290 —B, against Mrs. Trip Elder, administratrix of the estate of Trip Elder, deceased, and others interested in the subject matter, seeking vacation of the judgment and retrial of the subject matter in cause No. 416—B. Relators now seek to restrain prosecution of that bill of review.

The purpose of respondents' bill of review as shown by their petition, a certified copy of which is attached to relators' application for writ of prohibition, is to vacate the judgment in cause No. 416—B and relitigate the identical subject matter or issue concluded by that judgment, namely, whether the deed from J. A. King and

wife, Katie King (now Katie Mauldin) to Trip Elder was intended as a mortgage. Affirmance by this court of the trial court's judgment in cause No. 416—B had the effect to make that judgment the judgment of this court. A Court of Civil Appeals has jurisdiction to hear and determine applications for and to issue writs of prohibition or such other proper writs as may be shown necessary to protect its judgments of affirmance against unwarranted attack. Houston Oil Co. v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087, 1089; City of Palestine v. City of Houston (Tex.Civ.App.) 262 S.W. 215; Yount-Lee Oil Co. v. Federal Crude Oil Co. (Tex.Civ.App.) 92 S.W.2d 493; Halbrook v. Quinn (Tex.Civ.App.) 286 S. W. 954; Browning-Ferris M. Co. v. Thomson (Tex.Civ.App.) 55 S.W.2d 168; Life Ins. Co. v. Sanders (Tex.Civ.App.) 62 S.W. 2d 348; Texas Nat. Bank v. Zellers (Tex. Civ.App.) 75 S.W.2d 890. The rule here applicable is stated by Judge Harvey in Houston Oil Co. v. Village Mills Co., supra: "The question arises as to the jurisdiction of this court to issue the writ of prohibition sought by relators. The affirmance of the trial court's judgment in the McCarthy Case has effect to make that judgment the judgment of this court. Where rights are established by a judgment of this court, the court has undoubted power to secure, by any proper writ necessary to the end, the enjoyment of the rights so established. Where a suit is brought in an inferior court, by any of the parties or privies to such judgment, against those in favor of whom the judgment was rendered, or their privies, and the suit directly involves the relitigation of rights established by the judgment, and is of such nature that, if successfully prosecuted, will result in a judgment which will purport the divesting of those rights, the prosecution of such suit will be prohibited as being an interference with the enforcement of the judgment of this court. Conley v. Anderson (Tex.Sup.) 164 S.W. 985; Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224; City of Palestine v. City of Houston (Tex.Civ. App.) 262 S.W. 215."

It is not to be understood that a trial court is without jurisdiction to entertain a petition or suit, in the nature of a bill of review, based upon sufficient grounds of fraud, accident, or mistake, to vacate a judgment rendered at a former term of its court, and relitigate the subject matter, even though the judgment has on appeal been affirmed and thus made the judgment of the appellate court. Accordingly the defendants in the bill of review are not entitled as a matter of law or right to prohibit prosecution of such bill nor will the appellate court issue the writ, except where it is shown that the alleged grounds upon which the bill of review is based are not sufficient to authorize vacation of the judgment attacked. On the other hand, the judgment is res adjudicata of the subsequent suit or bill of review seeking to relitigate the same subject matter, when the grounds alleged are insufficient to authorize vacation of the judgment attacked. Determination of the sufficiency of the alleged grounds upon which the bill of review is based involves consideration of the particular circumstances of the case in which the judgment attacked was rendered. We shall now examine the alleged grounds upon which the bill of review in cause No. 11290—B is based.

The first ground alleged is that Trip Elder, plaintiff in cause No. 416—B gave a juror $200 "to either hang the jury in Elder's favor or to by the exercise of the juror's influence upon the other members of the jury obtain a verdict for Elder." There is no question but that bribery of a juror is fraud sufficient to set aside the verdict of the jury, and to vacate the judgment dependent upon that verdict. But, as shown from the opinion of this court, 92 S.W.2d 1134, the judgment here sought to be vacated is not dependent upon the verdict of the jury. It is based upon defendants' failure to establish their only defense, namely, that the deed conveying the land to plaintiff was intended as a mortgage. Elder being entitled to judgment upon the facts as a matter of law, the fraud alleged against him and the juror, if true, would not taint nor impair the judgment rendered, therefore would not constitute a ground for vacating the judgment.

The second alleged grounds upon which the bill of review is based is that Trip Elder procured Wayne Jeter, a witness for Elder, to give false testimony to contradict and impeach testimony given by two of defendants' witnesses, Olga Herman and Charlie Crum, which testimony of defendants' said witnesses, it is alleged, was material and persuasive of the contention of defendants that the instrument in controversy was a mortgage. Perjury of a witness upon the trial given upon a contested issue which, as here, the adversary had an opportunity to meet and refute, will not afford basis for setting aside the judgment on bill of review.

Yount-Lee Oil Co. v. Federal Crude Oil Co. (Tex.Civ.App.) 92 S.W.2d 493, and authorities there cited. Reason for the rule is stated in Freeman on Judgments (5th Ed.) par. 1241, vol. 3: "The procuring of a judgment by perjury, or subordination of perjury, is doubtless a fraud, and such a fraud as would induce equity to grant relief, were it not for the fact that its existence can rarely or never be ascertained otherwise than by trying anew an issue already tried in the former action. Whenever an issue exists in any action or proceeding, each of the parties should anticipate that his adversary will offer evidence to support his side of it, and should be prepared to meet such evidence with counter proofs. Where he has an opportunity to do this, and does not avail himself of it, or though availing himself of it, is unable to overcome the effect upon the court or jury of the evidence offered by his adversary, he cannot, in effect obtain a retrial of the issue before another tribunal by charging that the judgment against him was procured by perjury, forgery, or false testimony."

Another reason for the rule is stated in United States v. Throckmorton, 98 U.S. 61, 68, 25 L.Ed. 93, as follows: "That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

There is another reason why in this case the alleged false testimony would not constitute basis for vacating the judgment. As shown in the opinion, 92 S.W.2d 1134, the judgment of affirmance is based upon the finding that the testimony offered by defendants was insufficient to establish their contention that the deed in controversy was a mortgage. Hence the alleged contradictory false testimony of plaintiffs' witnesses is immaterial to the judgment rendered and constitutes no basis for its vacation.

The third ground alleged in the bill of review is that sometime prior to the first trial of the case Trip Elder told Joe King that unless he (Joe King) swore that the instrument in controversy was intended as a deed and not as a mortgage he would kill him, or words to that effect, and that through fear of Trip Elder said Joe King did on each trial of the case testify (as a witness for Trip Elder) that the instrument was not intended as a mortgage. The alleged threat of Trip Elder against Joe King was made a controverted issue in trial of the case in which the judgment attacked was rendered. D. H. Byrd, president of Byrd-Frost, Inc., defendant, testified on the issue:

"Q. Did he (referring to Trip Elder) say anything to you at that time with reference to Joe King or what Joe King would do? A. He said he would testify as he told him to testify or he would kill him."

Jack Frost, an officer of Byrd-Frost, Inc., testified:

"Q. What did he (Trip Elder) say about Joe King and his statement to him? A. He said that Joe King had better do as he told him or he would kill him."

Trip Elder and Joe King disputed this testimony. And the alleged falsity of said testimony of Joe King, wherein he testified as a witness for Trip Elder that his deed to Trip Elder was not intended as a mortgage, was also made an issue in the trial of the case, upon which issue Byrd and Frost testified that King had made statements out of court to the effect that the instrument was intended as a mortgage, contrary to his said testimony given upon the trial of the case. So it appears that the third and last ground alleged in the bill is insufficient for two reasons. First, it presents alleged procuring and use of false testimony, which according to the authorities last above cited is not sufficient basis for vacating the judgment. Second, it is a repetition of issues presented and controverted in the trial of the case in which the judgment attacked was rendered. In 25 Tex.Jur. p. 606, § 201, it is said: "Certainly a judgment will not be vacated for fraud when the particular fraud in question was an issue in the original proceedings."

In 15 R.C.L. 704, § 156: "A well established limitation of the general rule is that a judgment cannot be vacated for fraud where the particular fraud was made an issue in the original proceedings."

The writ of prohibition as prayed for is granted.