450

## BENNETT v. CARTER.
### No. 12114.

Court of Civil Appeals of Texas. Dallas.
Feb. 20, 1937.

Rehearing Denied March 13, 1937.

Clifford Craig, of Dallas, for appellant.
Henry P. Edwards, of Dallas, for appellee.

JONES, Chief Justice.

Louise Bennett, a feme sole, instituted suit in the county court of Dallas county at law No. 1, to recover damages from appellee, W. W. Carter, individually and as executor of the estate of Suzan T. Carter, deceased, and of the estate of said Suzan T. Carter, jointly and· severally, for the alleged negligent destruction by fire of certain described household goods, valued in the petition at $999. Citation was duly issued and served on appellant, individually and as executor of said estate,

commanding his appearance at the term of the court beginning the first Monday in September, 1934. No answer was filed by appearance day and, on September 6, 1934, judgment by default with writ of inquiry was rendered against him in each of the capacities in which he was sued. On December 20, 1934, in the absence of appellant and without his knowledge, a jury was impaneled to perfect the writ of inquiry and the only issue submitted was the value of the property destroyed by fire. This value was fixed at $584 and judgment duly entered for said amount. Execution was issued after the adjournment of the term of court, placed in the hands of Louis W. Brown, constable of precinct No. 1, Dallas county.

The first knowledge that appellee had of the judgment existing against him was when the constable levied on property for the purpose of executing said writ. Soon thereafter, appellee instituted in the same court the instant suit, in the nature of a bill of review, to set aside the judgment theretofore rendered against him, and also to again try appellant's suit, on the issues raised by appellant's petition and·appellee's answer. The petition for the bill of review contained allegations tending to excuse appellee for not appearing and answering in the original suit, also contained allegations tending to show a valid defense to appellant's suit. The petition also made appellant Brown a party, and sought and obtained an injunction restraining him from selling the property upon which he had levied the writ of execution, pending judgment on the bill of review.

The instant suit was tried to the court and resulted in a judgment, setting aside the judgment entered in favor of appellant, on December 20, 1934, in favor of appellee on appellant's suit for damages, and enjoined the sale of property under the writ of execution theretofore issued. Prior to the trial of the case on its merits, the court overruled appellant's general demurrer to appellee's petition for bill of review, to which appellant excepted, and has assigned error on such ruling.

The trial court filed findings of fact and conclusions of law which authorized the judgment rendered in favor of appellee, and, as we understand appellant's contention, this fact is not contested, but the contention is that the general demurrer should have been sustained to appellee's petition and. the case never have reached

the phase of a trial on its merits on appellee's pleading. Appellant states in her brief that the only question is: "Was his (appellee's) petition subject to appellant's general demurrer?" And follows with the question: "Can appellee go into a court of equity when he has a complete, adequate, fair, just and easy remedy at law?" The excuse for failing to make his appearance and answer in the original suit alleged by appellee in the bill of review is not assailed as being insufficient; nor are appellee's allegations that he had a good defense to appellant's suit, which defense is specifically alleged, assailed as insufficient. We agree with appellant that appellee could not seek relief by bill of review, in a court of equity, if at the time his petition for such relief was filed, there was open to him a legal defense, as "complete, adequate, fair, just and easy remedy at law," as the remedy sought in a court of equity; and if appellee's petition showed on its face the existence of such legal remedy, then the court erred in overruling appellant's general demurrer. The question then is: Did said petition show the existence of such legal remedy? We think not.

Appellant's petition showed on its face that a judgment by default in the sum of $584 had been regularly entered against him; that said judgment was valid on its face, and the damages awarded had been proven by competent testimony in a hearing on the writ of inquiry awarded when the judgment by default was taken. The petition further shows that the term of court in which judgment had been taken had passed, and that the judgment was final. The petition also shows that, at the time it was filed, appellee had the legal remedy of having this judgment reviewed on its record by writ of error and, of course, the judgment could have been superseded pending a decision on the writ of error appeal. Was this an adequate legal remedy? The very statement of the condition confronting appellee at the time shows that it was not. The gist of appellee's complaint in his petition for a bill of review is that, without any dereliction on his part, he had been denied the right to make a valid defense to appellant's suit. This defense could not be made on any appeal on the record, granting the default judgment. It could only be made on a trial de novo in the same court, and this trial could not be had until the original judgment was set aside. Had appellee availed himself of the writ of error, he still would be denied his day in court. It is generally held in this state that the legal remedy of appeal on a default judgment is not an adequate remedy. Cook v. Panhandle Refining Co. (Tex.Civ.App.) 267 S.W. 1070; Senter v. Garland (Tex. Civ.App.) 298 S.W. 614; Lubbock Independent School Dist. v. Abernathy (Tex. Civ.App.) 1 S.W.(2d) 426; Caffarelli v. Reasonover (Tex.Civ.App.) 54 S.W.(2d) 170.

As the only error assigned is that the court erred in overruling appellant's general demurrer to the petition for a bill of review, and as the only ground urged that such ruling was error, is that the petition showed on its face that appellee had the right to have the judgment against him reviewed by writ of error, and as such legal remedy is not adequate, we hold there was no error in the court's overruling the general demurrer, and hence direct that the judgment be affirmed.

Affirmed.