**HUGULEY v. WHITE.**

No. 12445.

Court of Civil Appeals of Texas. Dallas.

Feb. 20, 1937.

452

Leake, Henry & Young and Hawkins Golden, all of Dallas, for appellant.

W. J. Rutledge, Jr., and L. J. Taylor, both of Dallas, for appellee.

BOND, Justice.

The appellant, W. J. Huguley, on January 20, 1937, filed suit in a district court of Dallas county, Tex., against R. L. White for specific performance of a certain written contract, alleging that in performance of the contract the defendant agreed to cancel a certain negotiable promissory note, then owned and in possession of the defendant; and further alleging "that he (plaintiff) believes, has reason to believe, and so believing, says that the said defendant (appellee herein) is about to transfer and convey the said promissory note * * and thereby place the said note beyond his possession and power of transfer, and, in fact, place same in the hands of an innocent purchaser for value, and thereby prevent defendant's performance of said contract * * * "; and prayed for a "writ of temporary injunction and/or restraining order, directing the said defendant to deliver the said promissory note * * * into the custody of the court pending the outcome of the suit, and to await the further orders of the court, and enjoining the said defendant from transferring, selling, bargaining, conveying, or in anywise alienating the same, save and except under the order and direction of the court."

On the petition, a temporary restraining order and a mandatory injunction were issued, restraining the defendant from transferring, bargaining, selling, conveying, and in any manner or way alienating the note in suit, and directing the defendant to deliver into the custody of the clerk of said court the note, until a hearing shall be had on February 1, 1937, at which time the defendant was required to appear and show cause why a temporary injunction should not be granted, effective until final decree.

On January 27, 1937, on a hearing brought about by motion of the plaintiff, directing the defendant to appear and show cause why he should not be held in contempt for disobeying the mandatory feature of the injunction in failing to deliver into the registry of the court the note in question, the court acquitted the defendant of contempt "because the order of January 20, 1937, in so far as the same constitutes a mandatory injunction, should not have been entered, and should now be vacated." Accordingly, the court set aside and vacated the mandatory feature of the injunction and retained the restraining order effective only to February 1, 1937. From the order vacating the mandatory injunction, which in effect was tantamount to a refusal to grant the injunction, plaintiff has appealed.

The exercise of the power to grant restraining or mandatory injunctions is within the sound discretion of the trial court, as is also the power to dissolve the injunction; and, where plaintiff's petition, which in such cases performs the functions of both pleadings and evidence, shows merely that the plaintiff "believes and has reason to believe," fears or apprehends, the existence of a fact, an occurrence or event, and such belief, fear, or apprehension is based simply on an allegation that such fact, occurrence, or event is within the power of an individual to accomplish to plaintiff's hurt and damage, an ex parte temporary injunction should not be granted. Injunctions are not granted merely to allay fears of individuals which may exist without substantial reason. City of Dallas et al. v. Cain (Tex.Civ.App.) 52 S.W.(2d) 269; Johnson et al. v. Ferguson et al. (Tex. Civ.App.) 55 S.W.(2d) 153.

The quotation from the petition shows that the plaintiff believes, fears, or apprehends the defendant will transfer, sell, bargain, or convey the note in question during the pendency of the suit, basing such allegations upon the mere fact that it was within the power of the defendant to do so. It is not alleged that the defendant has threatened or acted in any manner toward the accomplishment of the things of which the plaintiff fears or apprehends, or that the defendant, if he does do so, is insolvent to respond in damages for any hurt or damage which plaintiff might sustain, or that a temporary injunction, holding the note in status quo, would not suffice. So, we regard the petition insufficient to warrant the issuance of a mandatory injunction, depriving the defendant of the possession of his property without due process of law, without an opportunity to be heard

on the matters alleged. Especially is this true, in view of the precaution taken by the trial court in issuing its restraining injunction, preserving the note in its then existing condition, in the possession of the defendant, pending a time until a hearing could be had on the petition. We cannot presume that the defendant will violate the law and subject himself to the penalties incident to its violation. We are of the opinion that the trial court did not abuse its discretion which it exercised in dissolving the mandatory feature of the injunction and refusing to grant such relief; therefore, without comment on the weight of the plaintiff's petition for ultimate relief, the judgment of the lower court is affirmed.

Affirmed.