**SMITH et al. v. ROGERS, District Judge, et al.**

No. 10951.

Court of Civil Appeals of Texas. Galveston.
June 15, 1939.

Geo. N. Lusch and Walter T. Keith, both of Houston, for relators.

McComb & Davis, of Conroe, for respondents.

CODY, Justice.

Relators seek a writ of prohibition against respondents, the Hon. Max M. Rogers, Judge of the District Court of Grimes County, and an injunction against Covey A. Beard, receiver, and against the attorneys for such receiver, to prevent any further proceedings in cause No. 13,118, now pending in that court.

It is made to appear that on June 21, 1938, in cause No. 13,010 on the docket of the district court of Grimes County, a judgment by default was taken by plaintiffs therein, who are relators here, against Covey A. Beard, receiver, Empire Lease and Royalty Company, cancelling a certain oil, gas and mineral lease, and awarding damages to plaintiffs; and further, that Covey A. Beard, receiver, brought up to this court by writ of error said cause, which is styled "Covey A. Beard, Receiver, Plaintiff in Error vs. Eleanor Smith et al., Defendants in Error," and is No. 10,915 on the docket of this court, having been filed herein on March 3, 1939. On February 10, 1939, Covey A. Beard, receiver, filed the cause which relators are here seeking to have prohibited from further proceedings. From an examination of plaintiffs' petition in cause No. 13,118, it is apparent that the purpose of that suit is to seek to have the judgment which was rendered in cause No. 13,010 set aside in so far as it awards damages to plaintiffs, on the grounds that the same was obtained

by fraud, accident, or mistake, that is to say, the purpose of the suit is to attack the judgment by a bill-of-review.

■ As was stated by this court in Hacker v. Hacker, Tex.Civ.App., 110 S.W. 2d 923, 924, "A bill of review is not a mere alternative means, to an appeal or a writ of error, to bring a case before an appellate court for review. It is resorted to, of course, only where a judgment has become final, and the party prevailing has acquired vested legal rights based on such judgment. It is therefore addressed to the equitable powers of the court. * * * 'A court of equity will not interfere to set aside a judgment and grant a new trial, except upon a showing of strict diligence in the presentation of the cause and upon proof that, after doing all that such diligence requires to be done, he has been deprived by fraud, accident, mistake, or other uncontrollable circumstances, of properly presenting his case upon the trial. And if, after it has become apparent that he must fail in his suit, he fails to avail himself of all means at his disposal to arrest the judgment and to exhaust every legal remedy to vacate it after it has been rendered, relief will be denied. That the complainant has a meritorious case, and that he has been compelled to suffer an adverse judgment by circumstances wholly beyond his control, are the fundamental grounds upon which the equity to demand a new trial must rest.' " Because of this we can see no reason why respondents cannot prosecute a writ of error in this court, and at the same time prosecute a suit for a bill of review in the trial court. As was stated by the Commission of Appeals in Winters Mut. Aid Ass'n v. Reddin, 49 S.W.2d 1095, 1096:

■ "* * * A suit in equity to set aside the judgment goes to the very foundation of the judgment, and does not involve a revision of the judgment for errors committed. The functions of such a suit are entirely distinct from the functions of an appeal from the judgment assailed. The pleadings filed in the trial court to vacate the judgment rendered at a prior term show that none of the matters complained of in this appeal are alleged as a cause for vacating the judgment. Of course litigants will not be permitted to review in the suit in equity to vacate the original judgment any matters involved in the appeal, or that could have been brought up by appeal in the original proceedings.

"When we consider this record in the light of the foregoing rules, the fact that plaintiff in error is prosecuting an appeal from the original judgment does not affect its right to file a suit in equity to set aside that judgment, nor does the filing of the equitable proceedings to vacate the original judgment affect the jurisdiction of the Supreme Court to pass upon this appeal. In our judgment, the proceedings filed in the trial court to vacate the judgment upon equitable grounds are not inconsistent with the appeal in this cause. The sufficiency of the allegations contained in the petition is not involved here. Therefore, we overrule the motion to dismiss the application for a writ and the cause from the docket."

In Elder v. Byrd-Frost, Incorporated, Tex.Civ.App., 110 S.W.2d 172, 174, the court said: "It is not to be understood that a trial court is without jurisdiction to entertain a petition or suit, in the nature of a bill of review, based upon sufficient grounds of fraud, accident, or mistake, to vacate a judgment rendered at a former term of its court, and relitigate the subject matter, even though the judgment has on appeal been affirmed and thus made the judgment of the appellate court."

■■ If respondents are seeking any relief in cause No. 13,118, from errors which, if available at all, should be urged as grounds for reversal of the judgment in cause No. 13,010, (and it is not now necessary for us to decide whether they are), then any such matter would be improper to be included in a suit for a bill of review, aside from constituting an encroachment on this court's jurisdiction in cause No. 13,010 in the court below, and numbered 10,915 here. However, the trial court is entirely competent to grant relators all relief to which they are entitled as against any misuse or abuse of the bill of review, and no proper use of a bill of review in cause No. 13,118 would constitute an encroachment on the jurisdiction of this court in cause No. 10,915 here. It would be an improper encroachment by this court on the trial court's jurisdiction to undertake to control what the trial court should do with reference to the bill-of-review, in the absence of any showing that the trial court has refused to exclude from cause No. 13,118 matter which is improper to be considered in a bill of review, and that such improper matter constitutes an encroachment on our jurisdiction in cause numbered here

10,915. Nothing here stated is to be construed as passing on whether there is any matter urged by respondents, which would constitute such an encroachment.

The writs of prohibition and injunction asked for are refused.

Writs of prohibition and injunction refused.