## PETROLEUM CASUALTY CO. v. GARRISON.

### No. 4153.

Court of Civil Appeals of Texas. Beaumont.

July 19, 1943.

Rehearing Denied Sept. 16, 1943.

K. W. Gilmore, of Houston, for appellant.

W. P. Sexton and J. T. Adams, both of Orange, for appellee.

COMBS, Justice.

This is a workman's compensation case. The appeal is by writ of error. Appellee, Hugh Garrison, on a trial to the court without a jury recovered judgment against appellant for $8,020, payable in a lump

sum as compensation for 401 weeks of total, permanent incapacity at the maximum rate of $20 per week.

Appellee has filed a motion to dismiss the appeal on several grounds. It is contended that appellant participated in the trial of the case and therefore is denied the right of appeal by writ of error. Vernon's Ann.Civ.St. Art. 2249a. The appellant was duly cited and filed answer in the case. However, it was not represented at the trial and its counsel did not participate. This is affirmatively shown by recitals in the judgment. It has been definitely held by our Supreme Court that Art. 2249a operates only to cut off the right of appeal by writ of error of those who actually participate, in person or by attorney, in the trial and that "it was not intended to cut off the right of those who discover that a judgment has been rendered against them * * * and who participate only to the extent of seeking a new trial." Lawyers Lloyds v. Webb, 137 Tex. 107, 152 S.W.2d 1096, 1097. We think the mere filing of answer by a defendant does not, of itself, constitute participation in the actual trial any more than filing motion for new trial after judgment. The reasoning of Chief Justice Alexander in the Webb case fully supports this view.

It is further shown that when appellant discovered that a judgment had been entered against it in the case it first filed a petition in the form of bill of review to set the judgment aside but subsequently dismissed that proceeding and brought the case up by writ of error. The filing of the bill of review did not preclude appellant's right to pursue its remedy of appeal by writ of error. Smith v. Rogers, Tex.Civ. App., 129 S.W.2d 776.

Appellee also contends that the supersedeas bond is fatally defective and that the appeal should be dismissed for that reason. Suffice it to say that the bond appears to be in substantial compliance with the Rules. Moreover, if it were defective the result would not be a dismissal of the appeal since any defect "of substance or form" could be cured by amendment. Rule 430, Texas Rules of Civil Procedure. The motion to dismiss the appeal is overruled.

This brings us to a consideration of the case on its merits. We think appellant's assignment that appellee did not sufficiently establish good cause for failing to file his claim within six months after his injury must be sustained. Attorneys for appellee argue that the findings of the trial court on the issue of good cause are supported by the evidence. They say that he did not suffer incapacity immediately after his injury; that his incapacity resulted from a gradual development, and that he filed his claim as soon as he knew that he had suffered permanent incapacity. Also that he relied on the company's doctors' advice that he was not seriously injured. Unfortunately appellee's evidence does not support this proposition. Without discussing the evidence at length, suffice it to say that he was injured August 12, 1941, by a clutch pedal on the drilling rig he was operating kicking up which wrenched his leg and back and caused him considerable pain. We think the testimony will support the inferences that he did not suffer any immediate incapacity. His pain continued however, and in September, 1941, his foreman sent him to the company's doctor in Houston, who told him he was suffering from rheumatism and advised him to have his teeth extracted, which was done. He continued to grow worse and made another trip or two to the company's doctors without obtaining benefit. About December he went to a doctor of his own selection who told him he had been seriously injured and advised him that he have an operation or have a brace fitted on his back. He came to Beaumont and had a doctor fit him with a brace. In March he again went to the company's doctors without obtaining any benefit. About the same time Dr. Ferguson, of Beaumont, examined him and had the lower region of his back X-rayed. Whereupon it was discovered that the cartilage between the vertebrae in the lumbar region of his back had been almost completely destroyed and the vertebrae misplaced forward, causing pressure on the nerves. The medical testimony amply shows that plaintiff is totally and permanently disabled as a result of his injuries. Dr. Ferguson expressed the opinion that he will never be able to do manual labor and that there is a likelihood of his becoming paralyzed. However, plaintiff's proof failed to show why he delayed from the time Dr. Ferguson examined him until May 4th to file his claim. He failed to show whether he had suffered incapacity in the meantime. He did say that he relied upon what the company's doctors told him but he did not say what they told him

with the exception that when he first went to them he was advised that he had rheumatism. Appellee's own testimony was the only evidence submitted in support of the issue of good cause. And in view of his statement that certain benefit payments were paid him between the time of his injury and the time he filed his claim, and his testimony as to what his own physician told him, it cannot be said that his testimony as a whole, even when given the most favorable consideration, supports a finding of good cause.

The Rule seems now well established by decisions of our Supreme Court that when no incapacity immediately follows the injury, good cause is shown as a matter of law for not filing claim up to the date incapacity begins, but where claim is filed more than six months after the original injury and incapacity has resulted it is necessary to show the existence of good cause during the period from the beginning of incapacity to the date the claim is filed. Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053; Jones v. Texas Employers Ins. Ass'n, 128 Tex. 437, 99 S.W.2d 903; Indemnity Ins. Co. v. Williams, 129 Tex. 51, 99 S.W.2d 905.

In view of another trial we will note that if, as appellee seems to contend, his disability did not begin until about the time his claim was filed, then the judgment is excessive under the holding of our Supreme Court in Texas Employers Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 900.

It may be that appellee on another trial can establish grounds of good cause. The holding of our courts that the filing of claim within six months is jurisdictional is harsh and frequently tends to work great injustice. For that reason, no doubt, the courts as a general rule have been rather liberal in upholding findings of good cause. Many excuses or reasons for delay have been recognized, as a reading of the cases will show. It may be that on another trial appellee can show that he had reasonable grounds for not sooner filing his claim. What we hold here simply is that under his pleading and proof he did not discharge the burden resting upon him.

For the error discussed, the judgment of the trial court is reversed and the cause remanded for a new trial.

O'QUINN, J., concurs.