### AMERICAN STANDARD LIFE INS. CO. v. DENWITTY et ux.

#### No. 14564.

Court of Civil Appeals of Texas. Dallas.

Feb. 6, 1953.

Rehearing Denied March 27, 1953.

Samuels, Brown, Herman & Scott, Fort Worth, for appellant.

Burt Barr and J. Lee Zumwalt, Dallas, for appellee.

YOUNG, Justice.

Appellant's proceeding by bill of review, seeking to set aside a default judgment obtained against it, resulted in a denial of the bill; and this appeal has been prosecuted from such adverse rendition.

Statement of the case in nature and result as made by appellant is not challenged and will be adopted to the extent quoted. "The original default judgment against the Company for the sum of Six Hundred Thirty ($630.00) Dollars was dated October 27, 1951, and was recovered in a suit brought by Lester Denwitty and wife, Martha Denwitty, in cause No. 95867–A in the County Court at Law No. One, Dallas County, Texas. Process, issued in said cause, was served upon Mabel Gustard asserted to be an agent of the defendant company, residing in Dallas County, Texas. The defendant insurance company first had notice of the fact that said suit had been filed and judgment recovered therein on December 11, 1951, when it received notice that a writ of execution was in the hands of the Sheriff of Tarrant County, Texas. Whereupon the insurance company caused this bill of review to be filed, seeking to set aside the former judgment on the ground that it had never been served with citation in the above styled cause; that Mabel Gustard, alleged to be its agent and upon whom service of citation had been had, was at the time of such service neither an agent, servant or employee of the insurance company and had not been for over a year and that the company had a meritorious defense to the original suit in that the policy sued upon which had been issued to the plaintiff's wife, Martha Denwitty, on September 13, 1949, had lapsed for nonpayment of renewal premiums long prior to the date of the injury to Martha Denwitty for which claim had been made, said injury having occurred on or about June 11, 1951. The trial on the bill of review was to the court without a jury, and on January 23, 1952, judgment was entered finding that the former judgment was a proper judgment and that no meritorious defense to the cause of action stated therein existed."

The following facts appear without dispute: Home Office of appellant Company is in Fort Worth, Tarrant County. On September 13, 1949 Mabel Therkerield (now Gustard), employed by said Company to solicit applications for insurance, procured the issuance of a policy to Martha Denwitty, wife of appellee Lester Denwitty. The policy, No. 58516, provided for certain indemnity to the holder in event of disability from accidental injury. It was delivered to insured by Mabel Gustard and accepted—the $39 initial premium being duly paid. From and after January 1950, Mabel Gustard ceased to have any connection with appellant; her appointment from the State Board of Insurance Commissioners as an agent for the Company expiring April 1, 1950 without renewal. She was therefore not an agent, servant or employee of the American Standard Life Insurance Company on September 13, 1950 (due date of renewal premium), or on September 25, 1951 when citation addressed to the said Company was served upon her as its agent. There was no service on appellant in the original cause wherein default judgment was rendered other than the purported service on Mabel (Therkerield) Gustard. Martha Denwitty testified that the renewal premium of $39 was paid to Mabel Gustard in September 1950 without any notice from either the latter or the Company that Gustard's agency had terminated; the injury for which claimant asserts liability under the policy occurring in June 1951. Gustard admitted receiving the payment, though telling Martha that she was no longer an agent, but that she would take the money and deliver it to Doc. Harbert, a Company supervisor. This witness (Gustard) about that time left the City on a sick call and placed the money with an ac-

quaintance for delivery to Harbert; said third party failing to do so. At any rate, appellant never received this 1950 renewal payment nor is there any evidence that the matters last related were ever called to the Company's attention until after Martha's injury, when she made demand for blank forms in establishment of claim. Mabel Gustard further stated that in the initial transaction (purchase of policy) the receipt delivered to Martha Denwitty was on a Company form originally attached to the signed application; the receipt signed by her on taking the $39 renewal of premium from Martha in September 1950 being of the former's own composition and not on the standard form required by the Company.

Material here, the policy sued on contained the following recitals: "All premiums shall be paid in advance, either at the Home Office of the Company or to its properly authorized agent, in exchange for a receipt signed by the Registrar or Secretary and countersigned by such agent. A grace period of thirty-one (31) days shall be granted under this life policy only for the payment of any premium after the first, and failure to pay a premium within this period makes this life policy null and void and of no further force and effect." Additional provisions: "Upon the failure of the Insured to pay any advance premium at the Home Office of the Company in Fort Worth, Texas, on or before the date fixed for payment, the Insured shall be in default and all rights to any benefits hereunder shall terminate on said date at seven o'clock P.M., Standard Time, of the place where the Insured resides, and the receipt of a premium notice or offer of reinstatement shall not be held to be a waiver of this condition. A receipt signed by the Secretary or Registrar of the Company shall be the only evidence binding on the Company of the payment of any premium after the first. Upon the payment of any claim hereunder, any balance of premium for the current policy year remaining unpaid may be deducted therefrom." V.A.T.S. Insurance Code, Art. 21.04 (formerly Art. 5063, R.S.), captioned "Solicitor Deemed Company's Agents", reads in part: " * * *,

but such agent shall not have the power to waive, change or alter any of the terms or conditions of the application or policy." In this connection Martha Denwitty testified that she had never read the policy although, so far as the record reveals, it had continuously remained in her possession.

Several points advanced by appellant may be stated in substance: (1) Invalidity of the original or default judgment because of a lack of proper service upon the Company; (2) a valid and meritorious defense to the policy was established, the evidence showing that such policy, first issuing on September 13, 1949, lapsed prior to date of injury upon which the claim was predicated; and (2) receipt by a former agent of renewal premium without knowledge of the Company and never received by it, was of no force and effect in view of the policy provision that "A receipt signed by the Secretary or Registrar of the Company shall be the only evidence binding on the Company of the payment of any premium after the first." Appellees' counterpoints are to the effect that, (1) appellant's remedy was by way of writ of error, Art. 2249a, Vernon's Ann.Civ.St. to set aside a default judgment; and is hence not entitled to maintain the instant bill of review; (2) estoppel on part of the Company to deny agency, claimants having paid the renewal premium to Gustard, soliciting agent, without knowledge that the latter's authority had terminated; (3) (a) the policy provision for payment of initial premium was contained in a "hidden and obscure part of the policy," and therefore void, (b) and that such provisions relating to renewals were in conflict with V.A.T.S. Insurance Code, Art. 3.44, sec. 1 (old art. 4732, R.S.), and void.

We will consider the foregoing points generally and in inverse order. Viewing the evidence adduced most favorably from standpoint of claimants, there exists no basis of estoppel whereby the Company was bound by the acts of Mabel Gustard, it having no knowledge of her attempted collection of renewal premium until after Martha's injury. When a liability is enforceable because of the "apparent" or "ostensible" authority of an agent, having

no actual authority, it is upon the principle of estoppel. 2 T.J., p. 424; Continental Oil Co. v. Baxter, Tex.Civ.App., 59 S.W.2d 463. Appellees were on notice of the policy limitations concerning method of renewal payments and their failure to read the contract was no excuse; Home Ins. Co. etc. v. Lake Dallas Gin Co., 127 Tex. 479, 93 S.W. 2d 388. And conclusively opposed to their contention of liability herein is the Supreme Court case of Southland Life Ins. Co. v. Lawson, 137 Tex. 399, 153 S.W.2d 953, syl. 3, where the court holds in effect, "A life insurance company's soliciting agent, without power under plain terms of life insurance policy and statute to bind company by accepting premiums due or to waive, change or alter any terms or conditions of policy, had no power to waive, change or alter provisions thereof for payment of premiums at company's home office or to some designated collector on delivery of receipts signed by company's president or secretary and countersigned by company. Rev.St.1925, art. 4732, § 1; art. 5063." See also Indianapolis Life Ins. Co. v. Powell, 133 Tex. 547, 127 S.W.2d 172; Southland Life Ins. Co. v. Statler, 139 Tex. 496, 163 S.W.2d 623.

■ Mabel Gustard, on redirect examination, testified in effect to a custom of collecting other than initial premiums for delivery to Doc. Harbert, the latter turning such monies over to the Company. Is the issue of waiver on part of the Company concerning the method of "payment of any premium after the first" thereby raised, under the principle stated in Southland Life Ins. Co. v. Lawson, 137 Tex. 399, 153 S.W. 2d 953, 136 A.L.R. 1212, that "an insurance company can waive, by custom, the contractual obligation of its insurance policy with reference to the payment of premiums at the home office of the company, etc., and in such instances the insurance company will not be permitted to stand on the insurance contract, where to do so would operate as a fraud on the injured or result in an injustice to him"? We think not.

■ The record as a whole is not susceptible of such inference of waiver, presumably found by the trial court in favor of appellees. Gulf Coast Chemical Co. v.

Hopkins, Tex.Civ.App., 145 S.W.2d 928. In the first place, there is no evidence in the record to show that Martha Denwitty had knowledge of, or *relied* on such course of dealing with other policyholders when she paid the renewal premium to the alleged agent, Gustard. The Southland Life Ins. Company opinion, supra, cites with approval the U. S. Court case of Globe Mutual Ins. Co. v. Wolff, 95 U.S. 326, 24 L.Ed. 387, which, in turn, holds in part: "The doctrine of waiver as asserted against insurance companies to avoid the strict enforcement of conditions contained in their policies, is only another name for the doctrine of estoppel. It can only be invoked where the conduct of the companies has been such as to induce action in reliance upon it, * * *." See, also, Holland v. Blanchard, Tex.Civ.App., 262 S.W. 97; Hill v. Engel, Tex.Civ.App., 89 S.W.2d 219 (writ ref.). Secondly, this insured had notice by the very instrument on which suit is based; also by letter accompanying delivery of such policy, and further by verbal notice from Mabel Gustard immediately prior to handing over the renewal monies to the latter, that all future premiums were payable at the Home Office, as the soliciting agent had no authority to collect any premiums after the first. "The rule seems to be well settled in this state to the effect that, when the limitation is expressed in the application or in the policy in such way that the insured is charged with knowledge thereof, the company will not be estopped by the wrongful acts of the agent." Texas State Mutual Fire Ins. Co. v. Richbourgh, Tex.Com.App., 257 S.W. 1089, 1090.

■ Nor was appellant restricted to authority of Art. 2249a, V.A.C.S., for a review of the original judgment by default. "A suit in equity to set aside the judgment goes to the very foundation of the judgment, and does not involve a revision of the judgment for errors committed. The functions of such a suit are entirely distinct from the functions of an appeal from the judgment assailed." Winters Mut. Aid Ass'n Circle No. 2 v. Reddin, Tex.Com. App., 49 S.W.2d 1095, 1096; Smith v. Rogers, Tex.Civ.App., 129 S.W.2d 776; Pe-

troleum Casualty Co. v. Garrison, Tex.Civ. App., 174 S.W.2d 74.

■ Accordingly, the trial court erred in denying appellant's bill of review, a meritorious defense to aforesaid default judgment having been conclusively established. The cause is therefore reversed and here rendered setting aside such former judgment[1], and that appellees be in turn denied any recovery on the policy in question. Reversed and rendered.

## On Motion for Rehearing.

DIXON, Chief Justice.

In this motion appellees say "There is no decision holding that it was necessary that Martha have knowledge or relied upon the course of dealing by the company with other policyholders. It would be impossible to have a waiver or estoppel in favor of any one policyholder unless proof should be made of such a course of dealing with other policyholders. The Court is clearly wrong in its holding as above stated."

■ A sufficient answer to this argument is found in Southland Life Ins. Co. v. Lawson, 137 Tex. 399, 153 S.W.2d 953, 957, 136 A.L.R. 1212: "In regard to such matter, we think the rule is that waiver by custom does not change the original contract. It merely operates to estop the company from asserting its rights thereunder. The doctrine of waiver in such instances is only another name for the doctrine of estoppel. It can only be invoked where the conduct of the insurance company has been such *as to induce action in reliance upon it,* and where it would operate as a fraud on the insured, or an injustice to him, if the company were allowed afterwards to disavow its waiver and enforce the policy conditions." (Emphasis ours.) "Existence of custom, if any, of insurer, in not insisting on forfeiture clause, does not constitute a waiver as to insured who did not know of custom. Farmers' & Mechanics' Benev. Fire Ins. Ass'n of Roanoke and Botetourt Counties v. Horton, 157 Va. 114, 160 S.E.

315." 45 C.J.S., Insurance, § 712, p. 682, Note 17. See also 29 Am.Jur., p. 658.

■ Appellees present additional authorities on counterpoint 1 that the Insurance Company, having a clear and adequate remedy at law, is precluded from proceeding by bill of review to set aside the questioned judgment by default. The point so labored is deemed untenable on several grounds: (1) Appellees have waived any right to claim that appellant, having an adequate remedy at law (writ of error), was not entitled to pursue an equitable remedy by way of bill of review. The point was not raised until by motion to dismiss appeal in this Court. It is not maintainable unless timely asserted, i.e., prior to a hearing of the bill on its merits. 17 Tex.Jur., p. 11; Rivers v. Campbell, 51 Tex.Civ. App. 103, 111 S.W. 190, (writ ref.); Rogers v. Driscoll, 59 Tex.Civ.App. 415, 125 S.W. 599.

■ (2) The default judgment herein recites that defendant had been "duly served with citation"; in view of which the rule is inapplicable that "An appeal or writ of error is an appropriate remedy by which to procure the reversal of a judgment for an error of law *apparent upon the face of the record."* (Emphasis ours.) 3-A Tex.Jur., sec. 12, p. 15; Pearl Assur. Co. Ltd. v. Williams, Tex.Civ.App., 167 S.W.2d 808, syl. 7.

■ (3) In Bennett v. Carter, Tex.Civ. App., 102 S.W.2d 450, 451, under similar facts, a like contention was overruled. It was there held through Chief Justice Jones of this Court: "The petition also shows that, at the time it was filed, appellee had the legal remedy of having this judgment reviewed on its record by writ of error and, of course, the judgment could have been superseded pending a decision on the writ of error appeal. Was this an adequate legal remedy? The very statement of the condition confronting appellee at the time shows that it was not. The gist of appellee's complaint in his petition for a bill of

---

1. Said default judgment was likewise invalid because of improper service on appellant Company; V.A.T.S.Ins.Code, Art. 3.64. Because of the conclusions above reached on the merits, a formal holding of insufficiency of service is deemed unnecessary.

review is that, without any dereliction on his part, he had been denied the right to make a valid defense to appellant's suit. This defense could not be made on any appeal on the record, granting the default judgment. It could only be made on a trial de novo in the same court, and this trial could not be had until the original judgment was set aside. Had appellee availed himself of the writ of error, he still would be denied his day in court. It is generally held in this state that the legal remedy of appeal on a default judgment is not an adequate remedy." (Citing authorities.)

Appellees' motion for rehearing, after due consideration, is accordingly overruled.