The FIRST NATIONAL BANK OF FORT
WORTH, Relator,

v.

E. L. KELLEY et al., Respondents.

No. 3186.

Court of Civil Appeals of Texas.

Eastland.

April 15, 1955.

Turner & Seaberry, Eastland, J. G. Harrell, Breckenridge, for relator.

Hawkins & Dean, Breckenridge, for respondents.

GRISSOM, Chief Justice.

Relator obtained a default judgment against E. L. Kelley in the District Court of Stephens County. Kelley appealed by writ of error to this court and said judgment was affirmed and our judgment became final. Kelley v. First National Bank of Fort Worth, Tex.Civ.App., 270 S.W.2d 644. Before the writ of error was sued out Kelley filed a suit in equity in the nature of a bill of review in the same court for the purpose of setting aside the judgment. He alleged he had a meritorious defense which he was prevented from presenting on the trial by the fraud of the Bank who, it was alleged, promised that Kelley would be dismissed from the suit if he did certain things which Kelley alleged he had done. The Bank has filed in this court an original application for a writ of prohibition to prevent further action on the bill of review.

The Bank contends the bill of review is an interference with the jurisdiction and judgment of this court and the rights relator acquired thereby. Relator contends Kelley had no right to both appeal from the judgment and file a bill of review to set it aside. It contends that when Kelley discovered said judgment had been rendered against him, after the end of the term at which it was rendered, he could then have

filed an equitable proceeding in the nature of a bill of review to set aside said judgment because the extrinsic fraud of the Bank prevented him from presenting a meritorious defense on the trial, but, having appealed from said judgment, and our judgment on appeal having become final, Kelley elected between two inconsistent remedies and waived its rights to sue to set aside the judgment by bill of review. In Halbrook v. Quinn, Tex.Civ.App., 286 S.W. 954, it was apparently so held.

We think said remedies are not inconsistent. 15 Tex. Jur. 828. On appeal Kelley sought to reverse the judgment on account of errors committed on the trial, that is, because he had no notice of the substitution of plaintiffs and because there was insufficient evidence, or no evidence, to sustain the judgment. In his bill of review he seeks to set aside the judgment on the ground that the extrinsic fraud of the Bank prevented him from presenting on the trial a meritorious defense to the Bank's suit. Kelley could not have presented on appeal the matters he relies on in his bill of review, nor can he present in the bill of review the errors relied on in this court for reversal of the judgment. The two remedies are not inconsistent. The assertion of the one was not a waiver of the other.

In Campbell v. Wiggins, 85 Tex. 451, 22 S.W. 5, our Supreme Court held that where a party to a judgment in a court of civil appeals sought and obtained a certification of a part of the questions involved in the appeal, and those questions were answered adversely to him, he could not thereafter present the remaining questions by writ of error and that, by using the restricted remedy of certification, he waived all errors that could not be revised by use of the remedy selected. See also Dorenfield v. State, ex rel. Allred, 123 Tex. 467, 73 S.W.2d 83. In those cases the party held bound by his election had the right by writ of error to present all claimed errors in one proceeding. That is not true in this case. A person is not precluded from presenting by bill of review his contention that he was prevented by the extrinsic fraud of his opponent from presenting a meritorious defense in the trial court merely because he has on appeal presented other errors committed on the trial. In Winters Mut. Aid Ass'n, Circle No. 2 v. Reddin, Tex.Com.App., 49 S.W.2d 1095, 1097, it was held that an appeal from a judgment did not affect the right to file a suit in equity to set it aside and that said remedies were not inconsistent. 4 C.J.S., Appeal and Error, § 31, p. 101; 3 C.J. 334, 338.

In Smith v. Rogers, Tex.Civ.App., 129 S.W.2d 776, 777, the court said:

"We can see no reason why respondents cannot prosecute a writ of error in this court, and at the same time prosecute a suit for a bill of review in the trial court."

■ In support of that conclusion, Judge Cody cited Winters Mut. Aid Ass'n Circle No. 2, v. Reddin, supra. Of course, a person cannot, in the guise of a bill of review, relitigate the issues previously tried. Elder v. Byrd-Frost, Inc., Tex.Civ.App., 110 S.W.2d 172, 174. See also Bennett v. Carter, Tex.Civ.App., 102 S.W.2d 450, 451; American Standard Life Ins. Co. v. Denwitty, Tex.Civ.App., 256 S.W.2d 864, 868 (W. Dis.); 15 Tex.Jur. 828.

■ The appeal did not preclude the bill of review. We agree with the holding in State ex rel. Bostick v. Stark, Tex.Civ. App., 203 S.W. 371, that we should not issue a writ of prohibition to prevent the trial court from entertaining a bill of review on the ground that allegations in the petition did not state a cause of action, because the petition is subject to amendment. See also Avocato v. Dell'Ara, Tex.Civ.App., 84 S.W. 443; Jackson v. Birk, Tex.Civ.App., 88 S.W.2d 632. A different conclusion may be required under such circumstances as were disclosed in Elder v. Byrd-Frost, Inc., supra. They do not exist here.

The application for writ of prohibition is refused.