Rosa Roderiquez SMITH, Appellant,

v.

Wiley Edgar ELLIS et ux., Appellees.

No. 3606.

Court of Civil Appeals of Texas.

Waco.

Dec. 31, 1958.

Rehearing Denied Jan. 22, 1959.

Goodrich & Neathery, Dallas, for appellant.

Robert M. Mahanay, Cleburne, for appellees.

McDONALD, Chief Justice.

This is an appeal from a summary judgment rendered under Rule 166-A, Texas Rules of Civil Procedure, that the plaintiff take nothing. Plaintiff's suit was in the nature of a bill of review to set aside the adoption of two minor children by the defendants. The plaintiff is the mother of the minor children in question and is a resident of Mexicali, Baja California, Mexico.

Her husband is dead. The defendant Mildred Ellis is the stepdaughter of plaintiff and the half sister of the two children; Wiley Ellis is the husband of Mildred Ellis. Plaintiff alleged in her bill of review, which was filed on *5 June 1958,* that on *4 November 1957* defendants secured a judgment of adoption in Johnson County for the two children of plaintiff; that such judgment was obtained by fraud, deceit, and chicanery practiced on plaintiff by the defendants; that she was not served with process; never executed a valid waiver of citation; was unaware of the adoption proceedings; had notified defendants in writing, and by long distance telephone that she did not want the children adopted, and that she objected to such adoption by defendants herein; that such was long before the proceedings were adjudicated; that she did not learn until long after the judgment of adoption was entered that such proceedings had been had. Plaintiff alleged she had never abandoned her children and was capable of taking care of and rearing them; that she did not want the children adopted; that she had a meritorious defense to such adoption proceedings; and that the adoption judgment was the result of the fraud and deceit perpetrated upon her by the defendants. She prayed that the adoption proceeding be set aside and that she be awarded her children.

Defendants answered by exceptions and denials, and alleged that the plaintiff had sent the children to live with them; that plaintiff had abandoned her children; and that service of process was not necessary in the adoption case because plaintiff had executed her written consent to the adoption. Defendants further alleged that plaintiff had not exercised diligence to set aside the adoption decree.

Thereafter defendants filed motion for summary judgment that plaintiff's bill of review be denied because plaintiff, through her attorney, knew of the adoption of *4 November 1957,* on or before *10 April 1958,* and that plaintiff had a remedy at law by way of writ of error (not having par-

ticipated in the trial) for six months after *4 November 1957,* or until *4 May 1958;* and that in not having pursued her remedy at law, she could not invoke the jurisdiction and assistance of the courts of equity by way of bill of review. Attached to such motion for summary judgment is a copy of the judgment of adoption dated *4 November 1957,* and the affidavit of the Deputy District Clerk to the effect that on *10 April 1958* she gave plaintiff's attorney a certified copy of the 4 November 1957 judgment.

Plaintiff answered the motion for summary judgment, contending such motion and affidavit were insufficient to support a summary judgment, and further that the 4 November 1957 judgment of adoption was obtained by fraud, and that there were genuine issues of material fact made by the pleadings to be adjudicated, which required a trial on the merits.

The Trial Court, on *11 July 1958,* entered summary judgment for the defendants and dismissed plaintiff's bill of review for want of equity *"because the record shows on its face that she failed to exhaust her remedy at law before filing such petition for bill of review."*

Plaintiff made a motion for new trial, in which she again urged fraud on the part of defendants in obtaining the judgment, and that an issue of fact was made as to revocation of the consent to adopt signed by plaintiff. This motion was not granted by the Trial Court.

The Trial Court, upon request, filed Findings of Fact and Conclusions of Law, summarized as follows:

### Findings of Fact

1. The judgment of adoption was entered on 4 November 1957, by which defendants adopted the two children.

2. Plaintiff or her attorney knew of the entry of such judgment before the expiration of six months from the date of such judgment.

3. Horace G. Goodrich, attorney for plaintiff, discovered the existence of the *4 November 1957* adoption judgment, on or before *10 April 1958,* less than six months after the entry of such judgment.

4. No action was taken by plaintiff or her attorney by way of either appeal, or *writ of error,* to attack said judgment of adoption before the expiration of six months from its entry.

### Conclusions of Law

1. Plaintiff had available to her a remedy at law, to-wit, the remedy of *writ of error,* but failed to exercise said remedy even though she had notice of the judgment of adoption before the expiration of six months from the entry of said judgment of adoption.

2. No genuine issue of any material fact was necessary to be decided by the court in order to decide the merits of the motion for summary judgment.

3. Because of the failure of plaintiff to exercise her remedy at law within six months from the date of the judgment of adoption, she is not entitled to the equitable bill of review.

Plaintiff appeals, contending: 1) The Trial Court erred in rendering summary judgment, because there was a controverted issue of fact to be heard; 2) the Trial Court committed fundamental error in his Findings of Fact and Conclusions of Law wherein he held that plaintiff had an adequate remedy at law which she failed to avail herself of; 3) the Trial Court committed fundamental error in his Findings of Fact and Conclusions of Law in holding that plaintiff was not entitled to a bill of review.

Defendants adopted the two children of plaintiff on *4 November 1957.* No service was had upon plaintiff but there was filed in such adoption case a consent to adopt the children which had been signed and sworn to by plaintiff. Plaintiff's attorney, on *10 April 1958,* secured a certified copy of the *4 November 1957* adoption decree

from the District Clerk of Johnson County. Plaintiff then on *5 June 1958,* some 56 days after her attorney learned that the judgment of adoption had been entered, filed a bill of review to set aside the adoption decree, alleging as grounds therefor that she was not served with process; that she had in writing and by telephone objected to such adoption by defendants prior to the adoption; that she told defendants that she did not want her children adopted; that she had a meritorious defense to the adoption proceeding and was able to care for her children, who had temporarily been placed in their half sister defendant's home; that the judgment of adoption was obtained by fraud.

Upon the foregoing showing, the Trial Court rendered summary judgment for defendants on the ground that plaintiff had a remedy at law, to-wit, to apply for a writ of error from the judgment of the Trial Court, for a period of six months after rendition of the judgment, to-wit, *4 November 1957;* that she learned through her attorney on *10 April 1958* of the adoption decree and that if she did not seek the writ of error by *4 May 1958* (six months after 4 November 1958) that she, in not pursuing her legal remedy is as a matter of law precluded from pursuing the equitable remedy of a bill of review.

 A judgment cannot be set aside by bill of review unless it be shown that:

1) There existed a meritorious defense to the cause of action. Barrow, Wade, Guthrie & Co. v. Stroud, Tex.Civ.App., 125 S.W.2d 365, no writ history.

2) Complainant was prevented from presenting such meritorious defense through extrinsic fraud, accident, or mistake, wholly unmixed with any fault or negligence of his own. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996.

3) Complainant was diligent in seeking to set the judgment aside. Osborn v. Younger, Tex.Com.App., 235 S.W. 558.

4) The matters complained of in the equitable suit to vacate the original judgment could not have been presented to the appellate court by appeal; (Bankston v. Bankston, Tex.Civ.App., 251 S.W.2d 768, 773, Mand.Ref.; Lynn v. Hanna, 116 Tex. 652, 296 S.W. 280; *or by way of application for writ of error;* 25 Tex.Jur. 638, 639; 17 Tex.Jur. p. 28; Avant v. Broun, Tex.Civ.App., 91 S.W.2d 426, W/E Dism'd.; Drake v. First Nat. Bank of Mercedes, Tex.Civ.App., 254 S.W.2d 230 (no writ hist.); Birge v. Conwell, Tex.Civ.App., 105 S.W.2d 407, W/E Ref.

Defendants' contention is that plaintiff had an available remedy at law by way of writ of error which she could have availed herself of prior to 4 May 1958, and that since she did not do so she is precluded from equitable relief by bill of review. As noted, the Trial Court took this view of the case and rendered summary judgment that plaintiff take nothing.

 The phrase "adequate remedy at law" means "a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as a remedy in equity." Prior invocation of *useless* legal remedies is not a condition precedent to the right to maintain a bill of review where an appeal, or writ of error would have been ineffective because the invalidity of the judgment does not appear on the face of the record. 25 Tex.Jur. p. 641, 642. For corrections of errors of fact not apparent on the face of the record, a bill of review will lie. 3A Tex.Jur. p. 15, 16. In the case at bar the error and mischief complained of is fraud and is grounded upon the plaintiff's allegation that she notified defendants in writing and by long distance telephone that she did not want the children adopted by them and objected to such adoption by the defendants. Such error would not and could not be apparent on the face of the record; hence, even though plaintiff had prosecuted a writ of error to the trial court's judgment of adoption decree of 4 November 1957, such remedy could not have afforded plain-

tiff any relief, and was therefore a useless, ineffective and inadequate remedy. The proper mode, therefore, of obtaining relief was by way of bill of review. 25 Tex.Jur. p. 585; Winters Mutual Aid Ass'n, Circle No. 2 v. Reddin, Tex.Com.App., 49 S.W.2d 1095; Bennett v. Carter, Tex.Civ.App., 102 S.W.2d 450, W/E Dis.; American Standard Life Ins. Co. v. Denwitty, Tex.Civ. App., 256 S.W.2d 864, W/E Dism'd. The American Standard Life Insurance Company case and the Bennett v. Carter case, supra [102 S.W.2d 451], are on factual situations almost identical to the case at bar. In both of those cases the court said:

"The petition also shows that, at the time it was filed, appellee had the legal remedy of having this judgment reviewed on its record by writ of error and, of course, the judgment could have been superseded pending a decision on the writ of error appeal. Was this an adequate legal remedy? The very statement of the condition confronting appellee at the time shows that it was not. The gist of appellee's complaint in his petition for a bill of review is that, without any dereliction on his part, he had been denied the right to make a valid defense to appellant's suit. This defense could not be made on any appeal on the record, granting the default judgment. It could only be made on a trial de novo in the same court, and this trial could not be held until the original judgment was set aside. Had appellee availed himself of the writ of error, he still would be denied his day in court. It is generally held in this state that the legal remedy of appeal on a default judgment is not an adequate remedy." (Citing authorities.)

■ A parent who has consented in writing to the adoption of his or her child may withdraw such consent before the instrument evidencing such consent is acted on. Fitts v. Carpenter, Tex.Civ.App.,

124 S.W.2d 420; Clayton v. Smith, Tex. Civ.App., 277 S.W.2d 948, W/E Ref. N.R.E.; Boyed v. Wilson, Tex.Civ.App., 258 S.W.2d 223, W/E Ref.; Wilde v. Buchanan, Tex.Civ.App., 303 S.W.2d 518; 305 S.W.2d 778, wherein the Supreme Court held that a mother had the unconditional right to withdraw her consent to adoption of child at any time before trial court acted on the petition for adoption.

■ As noted at the outset, this is a summary judgment case. Judgment in such instance may be rendered *only* if the pleadings, depositions, affidavits, etc., show that there is no genuine issue as to any material fact. And the movant has the burden to prove *clearly* his right to summary judgment, and that there is no issuable fact in the case for determination. Rule 166A, T.R.C.P.; Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment; and the court accepts as true all evidence of the party opposing the motion which tends to support such party's contention and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Flowers v. Central Power & Light Co., Tex.Civ.App., 314 S.W.2d 373, W/E Ref. N.R.E.

■ Reverting to the case before us, we think that plaintiff's pleadings and answer to motion for summary judgment are sufficient to make an issuable fact as to whether plaintiff withdrew her consent to adopt the children, and whether such adoption was obtained by fraud, and that the summary judgment for defendants under the state of the record before us should not have been granted. All three of plaintiff's contentions are sustained and the judgment appealed from is reversed and remanded.

Reversed and remanded.