Lark Mott BLUM, Appellant,

v.

Michael William MOTT, Appellee.

No. 01–82–0780–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 23, 1983.

Rehearing Denied Jan. 26, 1984.

Larry Watts, Julie H. Bentinck, Houston, Peter N. Susca, San Antonio, for appellant.

Thomas L. Woodall, Bernard L. Hebinck, Houston, for appellee.

Before BULLOCK, COHEN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a summary judgment denying appellant relief in a bill of review proceeding which challenged an order modifying conservatorship on the basis of extrinsic fraud.

Appellant and appellee were divorced June 9, 1976, and appellant was named managing conservator of the couple's minor child, Branden Lark (Brandi) Mott. In April 1980, appellee returned to the United States after working for approximately nine months in Saudi Arabia. Upon his return, he purchased a home in Katy, Texas, and in May 1980, Brandi moved to Katy to reside with her father. Appellant consented to the move.

Appellee asserts that he immediately began to explore job opportunities overseas, and discussed with appellant his desire to take his daughter with him should a job offer materialize. Meanwhile, Brandi continued to reside with her father and enrolled in school in Katy in September 1980.

Appellee told appellant that in order to take Brandi overseas on a "family status," it would be necessary for him to be named managing conservator. In November of 1980, appellee states that he was offered an overseas position with ARAMCO and that this precipitated his seeking a change in conservatorship.

Appellee contacted an attorney who prepared the motion to modify conservatorship and other supporting documents. In deposition testimony, the attorney recalled that appellant questioned whether the change in conservatorship was permanent, or just for the duration of appellee's tenure overseas. He stated that he told her that no order of managing conservatorship is permanent and that it was subject to change whenever there was a "change of substantial circumstances." He did not recall whether or not he explained to appellant the legal burden she would face in attempting to modify the conservatorship in the future. The attorney further stated that he did not recall telling appellant that she didn't need an attorney and that he did not in any way discourage her from seeking an attorney to represent her.

In deposition testimony, appellee stated that while travel abroad was one factor in the couple's agreement to change conservatorship, other factors included the fact that appellant was living with a man not her husband, and that it was in Brandi's best interest to live with her father at that time. In her affidavit in opposition to the motion for summary judgment, appellant states that the sole basis for her consent to change conservatorship was to enable Brandi to travel overseas with her father. However, in her affidavit in support of the motion to modify conservatorship, appellant stated:

I hereby consent to the modification sought in the Motion to Modify In Suit Affecting The Parent-Child Relationship to which this Affidavit is attached, and I seek such modification, which modification is in the best interest of the child. Specific facts that support the above are an agreement of myself with my former

husband, the natural father of the minor Branden Lark Mott, that he is better able to provide for her at this time and she is happy living with him, and that it would be in her best interest to continue to live with him where she has resided for at least the past six months.

Appellant also signed a waiver of citation in the cause.

After the change in conservatorship, which order was signed November 14, 1980, the appellee remained in the United States and remarried on November 22, 1980. He stated on deposition in March 1982 that none of the overseas offers had met his requirements, but that he was continuing to pursue foreign employment. Brandi has continued to reside with her father.

On January 13, 1982, approximately 15 months after entry of the order modifying conservatorship, appellant filed her original petition for bill of review. She claimed that appellee knowingly made false assurances and representations for the purpose of deceiving appellant and inducing her to execute the waiver of citation, affidavit and motion to modify prior order. She further stated that she had a meritorious defense to the motion to modify in that there was, at the time conservatorship was modified, no material and substantial change in the circumstances of the child or either of the conservators such that retention of appellant as managing conservator would be injurious to Brandi, and the appointment of appellee as managing conservator would be a positive improvement for her. Appellant contended that she had no adequate legal remedy to avoid the effect of the Order Modifying Prior Order.

The trial court granted appellee's motion for summary judgment and rendered the following conclusion of law:

As a matter of law, the circumstances of which Plaintiff complains do not constitute extrinsic fraud so as to entitle Plaintiff to the relief requested.

Appellant brings two points of error complaining first, that the trial court's conclusion of law was error as a matter of law, and second, that it was error to grant appellee's motion for summary judgment. By cross-point, appellee contends that the trial court erred in failng to find as a conclusion of law that appellant was precluded from seeking equitable relief because she had an adequate remedy at law.

■ Because the availability of an adequate legal remedy is a threshold determination before an equitable bill of review may be brought, we will address appellee's cross-point first.

Appellee contends that pursuit of a bill of review to modify conservatorship was foreclosed to appellant because of the availability of section 14.08 of the Family Code. Section 14.08 provides, in pertinent part:

(a) A court order or the portion of a decree that provides for the support of a child or the appointment of a conservator or that sets the terms and conditions of conservatorship for, support for, or access to a child may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship. Any party affected by the order or the portion of the decree to be modified may file the motion . . . .

(c) After a hearing, the court may modify an order or portion of a decree that:

(1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child . . . .

It is clear that section 14.08 provides appellant with a means of modifying the prior conservatorship order, her objective in the bill of review proceeding. The issue then is whether section 14.08 is an adequate legal remedy under the facts of this case.

In *Smith v. Ellis,* 319 S.W.2d 745, 748 (Tex.Civ.App.—Waco 1958, no writ), the court defined "adequate remedy at law" to mean a "remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administra-

tion as a remedy in equity." However, the court stated that "prior invocation of *useless* legal remedies is not a condition precedent to the right to maintain a bill of review where such remedy would have been ineffective . . . ."

Appellant contends that invocation of section 14.08 in this case is tantamount to pursuit of a useless legal remedy because she would be foreclosed from offering evidence of the alleged fraud and deception practiced upon her prior to the entry of the order modifying conservatorship. Appellant does not assert facts which suggest that a motion to modify under section 14.08 would be doomed to failure; * rather, she asserts that her burden of proof under section 14.08 would be different, and much greater, than that in a bill of review proceeding.

Appellee argues that, as a matter of policy, appellant should be required to seek relief under sec. 14.08 because the issue of conservatorship should be determined in light of the best interest of the child. He asserts that a modification proceeding under sec. 14.08 provides better protection of the child's interests than does a bill of review proceeding, and that this is why the legislature has specifically provided the means for modifying conservatorship.

Some support for appellee's argument may be found in *Watts v. Watts*, 573 S.W.2d 864 (Tex.Civ.App.—Fort Worth 1978, no writ), wherein the court stated that:

> Public policy demands a high degree of stability in child custody arrangements. The legislature responded to this need by enacting section 14.08(c)(1) which specifically sets forth the legal standards which must be met by a party seeking to change custody. This policy is the reason a person seeking to modify a decree appointing a conservator cannot file a request for further action under sec. 11.07(b). Therefore, we hold that the legislature has provided that a motion to modify under sec. 14.08 is the *exclusive method* for

seeking change in conservators. (Emphasis added)

■ However, appellant is not required to first seek modification under sec. 14.08 if the matters raised therein differ from those urged on bill of review. *First National Bank of Fort Worth v. Kelley*, 278 S.W.2d 350 (Tex.Civ.App.—Eastland 1955, no writ); *American Motorists Insurance Co. v. Box*, 531 S.W.2d 407 (Tex.Civ.App.—Tyler 1975, writ ref. n.r.e.).

The alleged fraud of which appellant complains could not properly be raised in a proceeding to modify conservatorship under sec. 14.08 of the Family Code. Sec. 14.08 focuses on changed circumstances subsequent to entry of the challenged conservatorship order. Appellant, in her bill of review, is alleging that appellee made fraudulent representations prior to entry of the order. Such allegations could not be considered in a modification proceeding.

■ Had appellant instituted modification proceedings under sec. 14.08 coincident with the bill of review action, the trial court could have properly entertained both actions because the facts and issues are separate and distinct. The assertion of one is not a waiver of the other. *First National Bank of Forth Worth, supra.* It is well established that "the right to appeal or bring error may be waived by pursuing a remedy inconsistent with an appeal or writ of error." *Winters Mutual Aid Assoc. Circle No. 2 v. Reddin*, 49 S.W.2d 1095, 1096 (Tex.Com.App.1932, holding approved). Accordingly, we conclude that appellant was not required to seek relief under the provisions of the Family Code before filing her bill of review. Appellee's cross-point of error is overruled.

In her first point of error, appellant contends that the trial court erred in concluding that the "circumstances of which appellant complained did not constitute extrinsic fraud . . . ."

■ In order to defeat appellee's motion for summary judgment, appellant had to

---

* In fact, the record reflects that appellee remarried shortly after becoming managing conservator. This change in circumstances conceivably could support a modification of conserva-

torship. See *Wallace v. Fitch*, 533 S.W.2d 164 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

present competent summary judgment proof to establish a material fact issue. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

■ The question on appeal in a summary judgment case:

is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action.

*Gibbs v. General Motors Co.,* 450 S.W.2d 827 (Tex.1970).

In the instant case, one of the essential elements of appellant's bill of review is that she was prevented from making a meritorious defense to the 1980 modification of conservatorship by the fraud, accident or wrongful act of appellee. *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964). Because the trial court concluded that the circumstances of which she complained did not constitute extrinsic fraud, the issue on appeal is whether the summary judgment proof establishes that there is no genuine issue of fact as to the existence of extrinsic fraud.

■ The elements of actionable fraud are: "(1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; (6) that he thereby suffered injury." *Stone v. Lawyers Title Insurance Corp.,* 554 S.W.2d 183, 185 (Tex.1977).

In summary, the proof raised by appellant on the issue of fraud, viewed in the light most favorable to her, was as follows:

(1) Appellee represented to appellant that a change in conservatorship was necessary to enable him to take Brandi on an overseas assignment.

(2) Appellee represented that he had received a firm offer of overseas employment in November, 1980.

(3) Appellant relied upon appellee's representation that the sole reason for changing conservatorship was to enable him to take Brandi overseas.

(4) The attorney who prepared the agreed motion to modify and related documents, Bernard Hebinck, failed to inform appellant of the burden she would face in pursuing a subsequent modification of conservatorship under sec. 14.08 of the Family Code.

(5) In June or July, 1981, appellee informed appellant of his then intention not to accept employment overseas.

■ Nowhere in her summary judgment proof does appellant assert or raise a fact question as to whether appellee's representations to her were false, or that he knew when he made them that they were false or made recklessly without any knowledge of the truth and as a positive assertion. The only place where appellant makes such assertions is in her petition for bill of review. However, pleadings do not constitute summary judgment proof. *Hidalgo .v. Surety Savings and Loan Association,* 462 S.W.2d 540, 543 (Tex.1971).

■ Because each of the elements of fraud is essential, the failure to establish a factual dispute as to any element will defeat appellant's attempt to raise a fact issue as to fraud. See *Sterling Construction Co., Inc. v. West Texas Equipment Co., Inc.,* 597 S.W.2d 515 (Tex.Civ.App.—Amarillo 1980, no writ). Stated differently, the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to the existence of fraud, one of the essential elements of appellant's bill of review. *Gibbs,* supra. Accordingly, we do not reach the question of whether the species of alleged fraud is extrinsic or intrinsic.

■ In the absence of fraud or mistake, a consent judgment is valid and binding as between the parties thereto, and is not invalidated by a subsequent failure to perform a condition on which the consent was based. *Akin v. Akin,* 417 S.W.2d 882 (Tex. Civ.App.—Austin 1967, no writ); *Hill v. Hill,* 599 S.W.2d 691 (Tex.Civ.App.—Austin 1980, no writ). Appellant's first point of error is overruled.

In her second point of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment. In view of the foregoing discussion, point of error two is overruled.

The judgment is affirmed.